OPINION
{¶ 1} This matter is before the court on an App.R. 26(B) application filed by Defendant-Appellant, Michael G. Knight, alleging ineffective assistance of appellate counsel. We find that Knight's appellate counsel in his prior merit appeal provided ineffective assistance because he failed to argue that Knight's trial counsel was ineffective for failing to move for Knight's discharge from one of two robbery offenses of which he was convicted due to a violation of Knight's statutory speedy trial rights. The conviction involved will be reversed and vacated. The conviction not likewise affected will be affirmed.
 I. {¶ 2} Defendant, Michael Knight, was found guilty following a jury trial of two counts of aggravated robbery. The first charge arose out of the robbery of a CD Connection store on February 28, 2002. The second charge stemmed from the robbery of a Kwik Kold Drive Thru on March 1, 2002. A third aggravated robbery charge, based upon a February 24, 2002 robbery, had been dismissed. Defendant was sentenced to consecutive prison terms of nine years on each count, for a total of eighteen years.
 {¶ 3} We affirmed Defendant's conviction and sentence on direct appeal. State v. Knight (April 16, 2004), Greene App. No. 2003-CA-14, 2004-Ohio-1941. In that appeal, we concluded that because Defendant did not file his motion to dismiss for want of a speedy trial until the second day of trial, after the jury had already been impaneled and sworn, his motion was untimely and his speedy trial claim was therefore waived. Id., at ¶ 7-12.
 {¶ 4} Defendant subsequently filed an App.R. 26(B) application to reopen his appeal, alleging that his appellate counsel was ineffective for having failed to raise an issue of ineffective assistance of trial counsel, based on trial counsel's failure to timely file a motion to dismiss the charges for a speedy trial violation. We granted Defendant's application to reopen his appeal and directed that the reopened appeal be confined to the issue of "whether Defendant's trial counsel provided ineffective assistance by failing to raise a speedy trial violation in a timely manner." State v. Knight (Sept. 15, 2004), Greene App. No. 2003-CA-14.
 {¶ 5} This matter is now ready for decision on the merits of that issue.
First Assignment of Error
 {¶ 6} "Counsel's failure to make a timely objection to the violation of mr. knight's right to a speedy trial denied Mr. Knight the effective assistance of counsel."
Second Assignment of Error
 {¶ 7} "Mr. Knight was denied the effective assistance of counsel on his previous appeal."
 {¶ 8} In order to demonstrate ineffective assistance of counsel, Defendant must demonstrate that counsel's performance was deficient and that he was prejudiced by counsel's deficient performance; that is, there is a reasonable probability that but for counsel's unprofessional errors the result of the trial or proceeding would have been different.Strickland v. Washington (1984), 466 U.S. 668. In this case Defendant must prove that his appellate counsel performed deficiently by failing to raise the claim he now presents, and that there is a reasonable probability of success had counsel presented that claim on appeal. Statev. Mack, 101 Ohio St.3d 397, 2004-Ohio-1526.
 {¶ 9} In granting Defendant's application to reopen this appeal, we observed that if the State violated Defendant's speedy trial rights, there is no justifiable reason for not having raised that issue in a timely manner. Furthermore, given that a timely and meritorious motion to dismiss on speedy trial grounds would have resulted in a dismissal of the charges, clearly, trial counsel's failure to file that motion and appellate counsel's failure to raise that issue on appeal would result in prejudice to Defendant. Id. at 8; State v. McDaniel (July 13, 1994), Miami App. No. 93CA38. Thus, the critical issue in this case is whether Defendant's speedy trial rights were violated.
 {¶ 10} The State responds that trial counsel did not perform deficiently by failing to timely raise a speedy trial claim, and therefore appellate counsel did not perform deficiently by failing to raise that issue on direct appeal, because a timely speedy trial claim would have lacked merit due to the many tolling events in this case.
 {¶ 11} The Sixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution guarantee a criminal defendant the right to a speedy trial. In Ohio, that right is implemented by the statutory scheme imposing specific time limits in R.C. 2945.71 et seq. State v. Pachey (1980), 64 Ohio St.2d 217, 221. The particular rights which that statutory scheme confers attach when a defendant is arrested on criminal charges. They continue so long as those charges remain pending, until his criminal liability is determined by trial or a plea of guilty or no contest.
 {¶ 12} R.C. 2945.71(C)(2) requires the State to bring a person against whom a felony charge is pending to trial within two hundred and seventy days after the person's arrest, unless the time for trial is extended pursuant to the provisions in R.C. 2945.72. Each day the person is held in jail in lieu of bail on the pending charge is counted as three days. R.C. 2945.71(E). For a violation of the rights these sections confer, a defendant may seek a discharge from criminal liability pursuant to R.C.2945.73.
 {¶ 13} On April 25, 2002, Defendant was indicted for the robbery of the Kwik Kold that occurred on March 1, 2002. Defendant was arrested for that robbery on April 30, 2002, and was also held on a detainer or holder from another court until May 2, 2002. The time for bringing Defendant to trial began running on May 1, 2002, the day after his arrest. State v. Cline, Champaign App. No. 2002-CA-5, 2003-Ohio-4712. On May 1 and 2, time ran on a one-to-one basis due to the existence of the holder.
 {¶ 14} On May 1, 2002, the State filed its "Rule 16 Compliance and Demand for Discovery." Citing State v. Brown, 98 Ohio St.3d 121,2002-Ohio-7040, the State argues that its request for discovery tolled the speedy trial time pursuant to R.C. 2945.72(E) until Defendant fully complied with the State's discovery request on June 13, 2002. We disagree, for two reasons.
 {¶ 15} Pursuant to Crim.R. 16(C), the State's right to request and receive discovery from the defendant accrues only after the Defendant has both requested and obtained discovery from the State. While the State's effort to meet its basic discovery obligations at an early date is laudable, the fact remains that Defendant did not file his discovery request until May 6, 2002. Accordingly, on May 1, 2002, the State had no right to demand discovery from Defendant when it did, and its request therefore did not toll the speedy trial time.
 {¶ 16} Further, R.C. 2945.72(E) provides that the R.C. 2945.71 speedy trial time is tolled by any period necessitated by a plea, motion, or other application "made or instituted by the defendant." In Brown, the Supreme Court held that a defendant's demand for discovery or a bill of particulars is a tolling event per R.C. 2945.72(E). The court reasoned that "discovery requests by a defendant divert the attention of prosecutors from preparing their case for trial, thus necessitating delay." Id. at 124. Courts have also held, citing R.C. 2945.72(D), that when the defendant does not comply with the State's discovery request in a timely manner, the resulting period of delay is charged to the defendant. State v. Brummett (January 28, 2004), Highland App. No. 03CA5, 2004-Ohio-431; State v. Borrero (Feb. 19, 2004), Cuyahoga App. No. 82595, 2004-Ohio-739.
 {¶ 17} The foregoing decisions are in accord with the proposition that the running of the speedy trial clock is tolled when the defendant has caused a delay. R.C. 2945.72 does not generally recognize motions filed by the state as triggering events that toll the speedy trial time. See: R.C. 2945.72(E); State v. Hauter (June 17, 1987), Wayne App. No. 2235. Therefore, the State's May 1, 2002 demand for discovery did not toll the speedy trial time.
 {¶ 18} On May 6, 2002, Defendant timely filed his request for discovery. Ordinarily, that demand would toll the speedy trial time for the reasonable period of time necessary for the State to respond. Brown,supra. However, the State had already filed its "Rule 16 Compliance" on May 1, 2002. Consequently, Defendant's request for discovery could not divert the prosecutor's attention from preparing the case for trial,Brown, supra, because the State had already provided discovery. Therefore, Defendant's May 6, 2002, request for discovery did not toll the speedy trial time.
 {¶ 19} On May 30, 2002, Defendant filed a motion to compel discovery, arguing that the State failed to provide a videotape that depicted the events leading up to his arrest. Because this motion to compel discovery was necessitated by the State's failure to fully comply with Defendant's earlier discovery request, any delay caused by the motion is not chargeable to Defendant and does not toll the speedy trial time. Statev. McDaniel (July 13, 1994), Miami App. No. 93-CA-38.
 {¶ 20} On June 4, 2002, the trial court granted Defendant's motion to compel discovery and ordered the State to provide Defendant access to the videotape within seven days. The court's order demonstrates that the State had not previously fully complied with Defendant's request for discovery. Therefore, Defendant was not obligated to respond to the State's discovery request until after Defendant obtained full discovery from the State. Crim.R. 16.
 {¶ 21} The record does not indicate the date that the State complied with the trial court's order to give Defendant access to the videotape. We necessarily presume that occurred within seven days of June 4, 2002, as ordered by the court. Construing the evidence in a light most favorable to the State, if the State complied and provided full discovery to Defendant on June 4, 2002, then that is the date that the State's own discovery request could be deemed to have been properly filed and effective under Crim.R. 16. Defendant complied with the State's discovery request and filed his witness list on June 13, 2002.
 {¶ 22} On June 18, 2002, the State filed a motion to continue the trial, which had been set for June 19, 2002. The motion was granted and the trial continued until July 1, 2002. The State argues that the continuance should be charged to Defendant and tolls the speedy trial time because Defendant did not object to the continuance, and in fact acquiesced to it, and the continuance was necessitated by Defendant's failure to provide discovery to the State in a timely manner and by Defendant's prolonging plea negotiations until the eve of trial. The State's motion to continue stated:
 {¶ 23} "This matter is currently scheduled for trial on June 19, 2002. Counsel for the State and the Defendant have engaged in negotiations for a period of time, which counsel reasonably believed would lead to a resolution of this matter without the necessity of trial. In recent days, it has become apparent that those negotiations will not lead to resolution.
 {¶ 24} "The undersigned spoke with defense counsel on or about June 14, 2002, at which time it was agreed that the matter would not proceed to trial on June 19, 2002. In essence, the defense does not object to the requested continuance.
 {¶ 25} "WHEREFORE, the State respectfully requests that an order issue vacating the trial date of June 19, 2002, and continuing this cause for a later date."
 {¶ 26} The time within which an accused must be brought to trial may be extended by the period of any continuance granted on "the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion." R.C. 2945.72(H). These parties attempted unsuccessfully to negotiate a plea agreement until the eve of trial. However, that did not relieve either party of its obligation to prepare for trial.
 {¶ 27} The record does not indicate that Defendant was unprepared for trial or desired a continuance for trial preparation. Furthermore, as previously discussed, Defendant fully complied with the State's discovery request and provided his witness list just nine days after the State's discovery request became effective. Thus, the State's argument that Defendant failed to provide discovery in a timely manner is not supported by this record. In any event, the State's motion seeking a continuance makes no mention of Defendant's alleged failure to timely provide discovery as a reason for the continuance.
 {¶ 28} The State's contention on appeal that Defendant had acquiesced in the State's motion for a continuance confuses the tolling effect of R.C. 2945.72 with the concept of waiver. In order to trigger the tolling provisions of R.C. 2945.72(H), there must be some form of application made by the accused. The State's motion is not such an application, and its representation that defense counsel "had agreed that the matter would not proceed to trial on June 19, 2002" reflects nothing more than the probable consequence of the State's motion. Defendant's failure to object cannot rise to the level of a waiver of the speedy trial right, which is, in essence, what the State now contends.
 {¶ 29} The facts before us, including Defendant's failure to object to the State's requested continuance, do not demonstrate either acquiescence to the State's request or a motion for a continuance made by the accused, much less a waiver of Defendant's speedy trial rights which must be made in writing or on the record in open court. State v. King,70 Ohio St.3d 158, 1994-Ohio-412. In other words, this continuance is not chargeable to Defendant and does not toll the speedy trial time.
 {¶ 30} Continuances granted at the State's request must be reasonable. R.C. 2945.72(H). Reasonableness is strictly construed against the State. State v. Singer (1977), 50 Ohio St.2d 103, 109. The reasonableness of a continuance is determined by examining the purpose and length of the continuance. State v. Lee (1976), 78 Ohio St.2d 208, 210. In granting R.C. 2945.72(H) continuances "other than upon the accused's own motion," in other words at the request of the State or sua sponte by the court, the reasons for the continuance must be included in the court's journal entry. State v. King, 70 Ohio St.3d 158, 1994-Ohio-412;State v. Mincy (1982), 2 Ohio St.3d 6.
 {¶ 31} The court's journal does not contain an order by the court continuing the trial at the request of the State. Rather, the continuance is purportedly granted vis-a-vis a notice issued by the court's assignment commissioner, which does not reflect the reasons for the continuance. That is legally insufficient to continue the trial "other than upon the accused's own motion." Accordingly, we conclude that there was no valid continuance of the trial at the State's request that tolled the speedy trial time.
 {¶ 32} Pursuant to the State's further motion, on July 1, 2002, the trial court dismissed without prejudice the pending aggravated robbery charge stemming from the Kwik Kold robbery on March 1, 2002 (Case No. 2002-CR-270). Defendant remained in jail. On July 3, 2002, Defendant was reindicted (Case No. 2002-CR-449). The new indictment reasserted the dismissed charge and added two new aggravated robbery charges based upon robberies of the CD connection that occurred on February 24, 2002 and February 28, 2002. Defendant was arrested on the new indictment on July 10, 2002. That started the speedy trial clock running again.
 {¶ 33} On July 12, 2002, Defendant filed a motion to continue the trial. The trial court granted the motion and trial was reset for September 4, 2002. Thus, the speedy trial time was tolled from July 12, 2002 to September 4, 2002. R.C. 2945.72(H). On August 30, 2002, Defendant filed a motion for separate trials on each of the charges. The trial court overruled that motion on October 4, 2002. Thus, the speedy trial time was further tolled from August 30, 2002 to October 4, 2002. R.C.2945.72(E). There were no further events that tolled the speedy trial time. Defendant's trial began on December 4, 2002.
 {¶ 34} The State claims that at the time of the original indictment it was not aware of Defendant's involvement in the February 24th and 28th
robberies, and only became aware of those offenses during preparation for Defendant's trial on the March 1, 2002 robbery charge. Additionally, the State points out that the two February robberies are based upon facts different from the original March 1 robbery. Thus, the State asserts that any time chargeable to the State for speedy trial purposes that had accrued under the original March robbery charge does not apply to the new February robbery charges, and the speedy trial time on those new charges began running on July 11, 2002, the day after Defendant's arrest on those charges. See: State v. Baker, 78 Ohio St.3d 108, 1997-Ohio-229. We agree. However, that does not relieve the State of its obligation to bring Defendant to trial on the original March robbery charges in a way that complies with R.C. 2945.71. State v. Broughton (1991),62 Ohio St.3d 253.
 {¶ 35} With respect to Defendant's conviction for the March 1, 2002 robbery, the speedy trial time began running on May 1, 2002, the day after Defendant's arrest for that offense. Time ran on a one-to-one basis on May 1 and 2, 2002, due to the holder placed against Defendant. As we discussed, between May 1, 2002-June 4, 2002, neither the State's nor Defendant's actions regarding discovery resulted in a tolling of the speedy trial time. Therefore, time ran between May 3, 2002-June 4, 2002, on a three-to-one basis. R.C. 2945.71(E). At best, the State's request for discovery tolled the speedy trial time from the day the State's discovery request became effective, June 4, 2002, until June 13, 2002, when Defendant fully complied with that request and filed his witness list. Time began running again on June 14, 2002, on a three-to-one basis.
 {¶ 36} As we discussed, the State's request for a continuance did not result in a valid continuance of the trial that tolled the speedy trial time. Thus, time ran from June 14, 2002-July 1, 2002, on a three-to-one basis. The speedy trial time was tolled from July 1, 2002-July 3, 2002, because no felony charges were pending at that time. After Defendant's reindictment, time began running again and ran from July 4, 2002 to July 12, 2002, on a three-to-one basis. The speedy trial time was tolled from July 12, 2002 to October 4, 2002. Time began running again on October 5, 2002, and ran on a three-to-one basis until December 4, 2002, when Defendant's trial began.
 {¶ 37} On December 4, 2002, Defendant had been incarcerated prior to trial on the charge arising from the March 1, 2002 robbery for two days on a one-to-one basis and one hundred twenty-one days on a three-to-one basis, for a total of three hundred sixty-five days. That is well over the two hundred seventy day limit allowed for trial by R.C. 2945.71. Defendant's speedy trial rights with respect to charges arising from that offense were clearly violated, and his trial counsel performed in a constitutionally deficient manner by failing to timely file a motion to dismiss pursuant to R.C. 2945.73. Furthermore, Defendant's counsel on appeal performed in a constitutionally deficient manner by failing to raise this issue concerning trial counsel's ineffective assistance. The prejudice to Defendant is obvious.
 {¶ 38} With respect to Defendant's conviction for the February 28, 2002 robbery, the speedy trial time began running on July 11, 2002, the day after Defendant's arrest for that offense. Time ran until July 12, 2002, on a three-to-one basis. The speedy trial time was tolled from July 12, 2002 to October 4, 2002. Time began running again on October 5, 2002, and ran on a three-to-one basis until December 4, 2002, when Defendant's trial began.
 {¶ 39} On December 4, 2002, Defendant had been incarcerated prior to trial on the February 28, 2002 offense for sixty-two days on a three-to-one basis, for a total of one hundred eighty-six days. That is well within the two hundred seventy days allowed for trial by R.C. 2945.71. Thus, Defendant's speedy trial rights were not violated with respect to the February 28, 2002 robbery, and trial counsel was not ineffective for failing to timely file a motion to dismiss per R.C. 2945.73. Neither was counsel on appeal ineffective for failing to raise an issue concerning trial counsel's ineffectiveness.
 {¶ 40} The assignments of error are sustained in part and overruled in part. Defendant-Appellant's conviction for the March 1, 2002 robbery offense will be reversed and vacated. His conviction for the February 28, 2002 robbery offense and the sentence imposed for that offense stands undisturbed.
Wolff, J. And Donovan, J., concur.