OPINION
{¶ 1} Eric L. Palmer ("Palmer') appeals from the judgment of the Portage County Common Pleas Court, which denied his motion to dismiss.
 {¶ 2} On March 11, 2004, Palmer was arrested for aggravated burglary. Following a continuance requested by Palmer, he appeared in Kent Municipal Court on March 26, 2004. At this appearance, Palmer waived his preliminary hearing and agreed to be bound over.
 {¶ 3} Palmer subsequently was indicted on one count of aggravated burglary, a first degree felony, R.C.2911.11(A)(2)(B), with a firearms specification, R.C. 2929.14(D) and 2941.141; one count of aggravated drug possession, a fifth degree felony, R.C. 2925.11(A)(C)(1)(a); one count of possession of criminal tools, a fifth degree felony, R.C. 2923.24(A)(C); and one count of disrupting public services, a fourth degree felony, R.C. 2909.04(A)(1). Palmer pleaded not guilty.
 {¶ 4} On April 28, 2004, Palmer filed a motion for discovery and a motion for a bill of particulars. On April 29, 2004, the trial court put on a case management order scheduling the matter for trial on July 13, 2004. The state responded to Palmer's discovery motion on May 3, 2004, and filed a reciprocal request for discovery the same day. Palmer responded to the state's discovery request on July 2, 2004. On July 6, 2004, Palmer moved to dismiss the indictment on speedy trial grounds. On July 13, 2004, the trial court denied Palmer's motion to dismiss and the state filed a bill of particulars. On July 16, 2004, Palmer pleaded no contest to each charge in the indictment. Palmer was sentenced on October 28, 2004.
 {¶ 5} Palmer timely appealed the trial court's judgment, raising one assignment of error:
 {¶ 6} "The trial court erred in not granting the motion to dismiss indictment filed on July 6, 2004."
 {¶ 7} A person charged with a felony "[s]hall be brought to trial within two hundred seventy days after the person's arrest." R.C. 2945.71(C)(2). "Upon motion made at or prior to the commencement of trial, a person charged with an offense shall be discharged if he is not brought to trial within the time required by section 2945.71 and 2945.72 of the Revised Code." R.C.2945.73(B). "[S]uch discharge is a bar to any further criminal proceedings against him based on the same conduct." R.C.2945.73(D).
 {¶ 8} We have consistently held that speedy trial statutes are to be strictly construed against the state. See, e.g., Statev. Miller (1996), 113 Ohio App.3d 606, 608.
 {¶ 9} Pursuant to R.C. 2945.71(E), each day a defendant is held in jail awaiting trial counts as three days toward the speedy trial time. In the instant case, Palmer was not released on bond; therefore, the triple count provision applies and the state had ninety days, i.e., until June 9, 2004, to bring Palmer to trial.
 {¶ 10} A defendant sets forth a prima facie case for dismissal if he demonstrates he was not brought to trial within the applicable time limits. State v. Ambrose (Dec. 18, 1998) 11th Dist. Nos. 98-T-0033, 98-T-0034, and 98-T-0035, 1998 Ohio App. LEXIS 6152, 7, citing State v. Baker (1993),92 Ohio App.3d 516, 525. Once the defendant makes his prima facie case, the burden shifts to the state to demonstrate the defendant's right to a speedy trial was not violated. Id., citing Baker at 525-526. Here, Palmer has set forth a prima facie case for dismissal. The state has the burden to demonstrate Palmer's rights were not violated.
 {¶ 11} R.C. 2945.72 provides in relevant part:
 {¶ 12} "The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following:
 {¶ 13} "* * *
 {¶ 14} "(D) Any period of delay occasioned by the neglect or improper act of the accused;
 {¶ 15} "(E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;
 {¶ 16} "* * *
 {¶ 17} "(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion; * * *."
 {¶ 18} Palmer was arrested March 11, 2004; however, the day of arrest does not count against the state in the calculation of speedy trial time. State v. Gibson, 11th Dist. No. 2002-T-0055,2003-Ohio-5695, at ¶ 13.
 {¶ 19} Palmer filed a waiver of time for his preliminary hearing on March 19, 2004, and the preliminary hearing was rescheduled for March 26, 2004. Thus, the state is charged with eight days (March 12-19) against the speedy trial time. The time was tolled from March 20 until March 26, pursuant to R.C.2945.72(H).
 {¶ 20} On April 28, 2004, Palmer filed motions for discovery and a bill of particulars. The state responded to Palmer's discovery request on May 3, 2004. The state is charged with 33 days (March 27 — April 28.) The parties agree the time was tolled between April 29 and May 3 under State v. Brown,98 Ohio St.3d 121, 2002-Ohio-7040, at the syllabus, ("A demand for discovery or a bill of particulars is a tolling event pursuant to R.C. 2945.72.").
 {¶ 21} The issue in the instant case is what period of time, if any, was tolled between May 3, 2004 and July 6, 2004, when Palmer filed his motion to dismiss. The state, citing Brown,
first contends the speedy trial time was tolled from April 28, 2004 to July 13, 2004, when the state filed the bill of particulars. Alternatively, the state argues the time was tolled between the date the state filed its motion for reciprocal discovery, May 3, and the date Palmer filed his response, July 2.
 {¶ 22} Palmer argues the state's delay in responding to the motion for a bill of particulars was unreasonable and that the speedy trial time was not tolled by the state's request for discovery. We agree.
 {¶ 23} We first note a mathematical anomaly in the state's position with regard to its first argument. The state contends, "[A]ppellant's speedy trial rights were not violated because April 28, 2004 to July 13, 2004, is a reasonable period offorty-five days tolled pursuant to Brown." (Emphasis added.) However, April 28 to July 13, is 79 days. Thus, the state actually argues 79 days was a reasonable amount of time to prepare the bill of particulars. This argument (be it 45 or 79 days) is unpersuasive.
 {¶ 24} In Gibson, we held, "any delay in complying with a request for a bill of particulars must be reasonable." Id. at ¶ 22. We continued, "[w]hen determining whether a delay was reasonable, a court should consider all relevant factors before it, including `the nature of the motion itself, whether other motions were pending during the same period, and the presence of any extenuating circumstances which made ruling on the motion extremely difficult.'" Id., quoting State v. Ritter (Dec. 17, 1999), 11th Dist. No. 98-A-0065, 1999 Ohio App. LEXIS 6100.
 {¶ 25} In Gibson we held a delay of 43 days was reasonable. Of course, there the defendant was charged with fourteen crimes involving the sexual abuse of his stepdaughter over a period of six years. The criminal rules do not mention specific periods of time to respond to motions filed by either appellant or the state.
 {¶ 26} The time period must be reasonable, assuming all facts at issue in the case are determined strictly against the state. The state and a defendant are not on equal footing in a criminal proceeding as to discovery or as the right to a speedy trial.
 {¶ 27} The Sixth Amendment to the United States Constitution and Article I, Section 10, of the Ohio Constitution guarantee a criminal defendant the right to a speedy trial. In Ohio, that right is implemented by the statutory scheme imposing specific time limits in R.C. 2945.71. State v. Pachey (1980),64 Ohio St.2d 218, 221. The particular rights which that statutory scheme confers attach when a defendant is arrested on criminal charges. They continue so long as those charges remain pending, until his criminal liability is determined by trial or a plea of guilty or no contest.
 {¶ 28} R.C. 2945.71(C)(2) requires the state to bring a person against whom a felony charge is pending to trial within two hundred and seventy days after the person's arrest, unless the time for trial is extended pursuant to the provisions in R.C.2945.72. Each day the person is held in jail in lieu of bail on the pending charge is counted as three days. R.C. 2945.71(E). For a violation of the rights these sections confer, a defendant may seek a discharge from criminal liability pursuant to R.C.2945.73.
 {¶ 29} The state cannot affirmatively toll or take away the rights of any defendant to a speedy trial.
 {¶ 30} It is black letter law that only the defendant through his own affirmative acts can toll and/or waive the speedy trial requirement.
 {¶ 31} The state is presumed to have all of its facts and its witnesses prepared and ready to go prior to seeking its indictments, as they choose the time and place to proceed. It is unfathomable that they do not have their discovery and do not have the information readily available in their file to formulate a bill of particulars. If the time, the date, and the offense information are not available to them, they should not seek an indictment or charge a defendant until they are prepared.
 {¶ 32} It is true that there may be an unusually complicated set of facts or additional evidence that may be discovered after the charges are brought, however, again the state is charged with providing this to the defendant within a reasonable time.
 {¶ 33} The mere filing of a request for discovery cannot act as an automatic toll of the defendant's speedy trial rights, especially when there was no demand for discovery or motion to compel filed by the state as required by Crim. R. 16(C).
 {¶ 34} In the instant case, the state contends, "[t]he record reflects that due to the unusual circumstances of the offenses, the Appellant's case involved an extensive police report." The police report is not part of the record so we cannot determine whether it was "extensive." The bill of particulars prepared from this "extensive" police report is three pages long (five pages if we count the two-page supplement filed on July 14, 2004.) We fail to see how a delay of 79 (or even 45) days was reasonable under the facts of this case.
 {¶ 35} The state alternatively argues the time was tolled between the date it filed its motion for reciprocal discovery, May 3, and the date Palmer filed his response, July 2, pursuant to R.C. 2945.72(D).
 {¶ 36} Palmer, citing State v. Borrero, 8th Dist. No. 82595, 2004-Ohio-4488, ("Borrero II") argues the speedy trial time is not tolled by the state's reciprocal demand for discovery. We find Borrero II persuasive.
 {¶ 37} At the heart of this appeal is the rule set out inBorrero II. The issue of that case was, as is here, whether or not the statutory time is extended by the state's demand for reciprocal discovery. In the instant case, the state filed for reciprocal discovery on May 3, 2004, and the request was responded to on July 2, 2004.
 {¶ 38} The court delineated the three types of delays to be had under R.C. 2945.72(E). This type of delay under the statute is "necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused * * *." The Borrero II court found that "[t]he defendant in the case at bar took no action except to request discovery. The state argues that this request is the triggering device that prompted the state to request reciprocal discovery, and the failure to respond to that request caused the delay. We disagree." Id. at ¶ 41. Further, that court found that "[t]he defendant's request merely established a condition, not a necessary sequence of events, because the state was not required to make any request. It chose to do so." Id. at ¶ 42.
 {¶ 39} Further, in the Borrero II decision the court states, "[t]here is no question that the burden of going forward rested with the state. If the delay was caused by the failure to receive information, the state had within its power the tools to remedy that delay. Crim.R. 16(C). The record indicates, however, that the state made no motion to compel, nor did the state provide evidence that the information it sought was necessary for its case. In other words, there is no evidence that the proceedings in the case at bar were delayed because of the defendant's lack of a response to the state's discovery.
 {¶ 40} In the case at bar, the state filed for reciprocal discovery and made no other demands upon the accused for information. In its response to the motion to dismiss the indictment, the state cited the proposition that the speedy trial statute was tolled until this discovery request was answered. The trial court also cited this fact in calculating the days necessary to bring the matter to bar. The Borerro II court cited several cases dealing with the tolling of the statute until the defendant complies with the discovery request, but those cases dealt with the fact that a motion to compel had been issued by the state. In the instant case, the state did not avail itself of this remedy under the criminal rules. State v. Litteral
(Jan. 4, 1999), 12th Dist. No. CA98-02-002, 1999 Ohio App. LEXIS 4.
 {¶ 41} We also agree with the reasoning in State v. Knight,
2nd Dist. No. 03-CA0-14, 2005-Ohio-3179, at ¶¶ 16-17, in that R.C. 2945.72(E) provides that R.C. 2954.71 speedy trial time is tolled by any period necessitated by a plea, motion, or other application "made or instituted by the defendant." In Brown,
the Supreme Court of Ohio held that a defendant's demand for discovery or a bill or particulars is a tolling event per R.C.2945.72(E). The court reasoned that "discovery requests by a defendant divert the attention of prosecutors from preparing their case for trial, thus necessitating delay." Id. at 124. Other courts have also held, citing R.C. 2945.72(D), that when the defendant does not comply with the state's discovery request in a timely manner, the resulting period of delay is charged to the defendant. State v. Brummett, 4th Dist. No. 03CA5,2004-Ohio-431.
 {¶ 42} The foregoing decisions are in accord with the proposition that the running of the speedy trial clock is tolled when the defendant has caused a delay. R.C. 2945.72 does not generally recognize motions filed by the state as triggering events that toll the speedy trial time. R.C. 2945.72(E); Statev. Hauter (June 17, 1987), Wayne App. No. 2235, 1987 Ohio App. LEXIS 7734. Therefore, the state's May 1, 2002 demand for discovery did not toll the speedy trial time as there was no evidence presented that the state was prejudiced in any way, nor did they avail themselves of a motion to compel as facilitated by the criminal rule.
 {¶ 43} In the instant case, Palmer's failure to respond to the state's discovery request did not toll the period between May 3, 2004 and July 2, 2004 under R.C. 2945.72(D). Accordingly, Palmer's right to speedy trial was violated.
 {¶ 44} Palmer filed his motion to dismiss on July 6, 2004. The trial court denied the motion on July 13, 2004. The speedy trial time was tolled during this period. R.C. 2945.72(E).
 {¶ 45} In conclusion, for purposes of calculating the speedy trial time under R.C. 2945.71, the following days are charged to the state: March 12 to 19 (8), March 27 to April 28 (33), May 3 to July 2 (60) and July 3 to July 6 (4), for a total of 105 days. Palmer entered his no contest plea on July 16, 2004, well outside the 90-day speedy trial time.
 {¶ 46} For the foregoing reasons, appellant's sole assignment of error is with merit, and the judgment of the Portage County Common Pleas Court is reversed and appellant's conviction is vacated.
O'Neill, J., concurs,
Ford, P.J., dissents with Dissenting Opinion.