[Cite as *State v. Gavin*, 2011-Ohio-4665.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                          :

    Plaintiff-Appellee            :          C.A. CASE NO.   24284 and

                                                       24285

v.                                     :          T.C. NO.    10CRB4260

                                                       10CRB4264

WILLIAM E. GAVIN                       :           (Criminal appeal from
                                                   Municipal Court)
    Defendant-Appellant           :

                                       :

· · · · · · · · · ·

**O P I N I O N**

Rendered on the ___16th___ day of ___September___, 2011.

· · · · · · · · · ·

MATTHEW KORTJOHN, Atty. Reg. No. 0083743, Assistant Prosecutor, City of Dayton,
335 W. Third Street, Dayton, Ohio 45402
      Attorney for Plaintiff-Appellee

CHARLES M. BLUE, Atty. Reg. No. 0074329, 401 E. Stroop Rd., Kettering, Ohio 45429
      Attorney for Defendant-Appellant

· · · · · · · · · ·

FROELICH, J.

{¶ 1}  William E. Gavin was charged in the Dayton Municipal Court with menacing and disorderly conduct in Case No. 10CRB4260 and a second count of menacing in Case No. 10CRB42643.  All of the offenses were fourth degree

misdemeanors. The cases were consolidated for trial, and a jury found Gavin guilty of all counts. Gavin was sentenced accordingly.

{¶ 2} Gavin appeals from his convictions, claiming that his counsel rendered ineffective assistance by failing to file a motion to dismiss on speedy trial grounds. We have consolidated Gavin's cases for purposes of appeal. For the following reasons, the trial court's judgments will be affirmed.

I

{¶ 3} In his sole assignment of error, Gavin claims that his trial counsel was ineffective in failing to move for a dismissal of the charges due to speedy trial violations.

{¶ 4} We review the alleged instances of ineffective assistance of trial counsel under the two-prong analysis set forth in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, and adopted by the Supreme Court of Ohio in *State v. Bradley* (1989), 42 Ohio St.3d 136. Pursuant to those cases, trial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance. *Strickland*, 466 U.S. at 688. To reverse a conviction based on ineffective assistance of counsel, it must be demonstrated that trial counsel's conduct fell below an objective standard of reasonableness and that his or her errors were serious enough to create a reasonable probability that, but for the errors, the result of the trial would have been different. Id.

{¶ 5} We have observed that, if the State violated a defendant's speedy trial rights, there would be no justifiable reason for failing to raise that issue in a timely manner. See *State v. Knight*, Greene App. No. 03-CA-14, 2005-Ohio-3179, ¶17.

"Furthermore, given that a timely and meritorious motion to dismiss on speedy trial grounds would have resulted in a dismissal of the charges, clearly, trial counsel's failure to file that motion *** would result in prejudice to Defendant." Id. Accordingly, the critical issue in this case is whether Gavin's speedy trial rights were violated.

{¶ 6} The right to a speedy trial is guaranteed by the United States and Ohio Constitutions. *State v. Adams* (1989), 43 Ohio St.3d 67, 68. Ohio's speedy trial statute, R.C. 2945.71, "was implemented to incorporate the constitutional protection of the right to a speedy trial." *Brecksville v. Cook* (1996), 75 Ohio St.3d 53, 55. As such, that statute must be strictly construed against the State. Id.

{¶ 7} "A defendant can establish a prima facie case for a speedy trial violation by demonstrating that the trial was held past the time limit set by statute for the crime with which the defendant is charged. If the defendant can make this showing, the burden shifts to the State to establish that some exception[s] applied to toll the time and to make the trial timely. If the State does not meet its burden, the defendant must be discharged. R.C. § 2945.73." (Internal citations omitted.) *State v. Gray*, Montgomery App. No. 20980, 2007-Ohio-4549, ¶15.

{¶ 8} A person charged with a fourth degree misdemeanor must be brought to trial within 45 days after the person's arrest or service of summons. R.C. 2945.71(B)(1). Each day that the person is held in jail in lieu of bail is counted as three days. R.C. 2945.71(E). The day of the person's arrest is not counted as part of the 45 days.

{¶ 9} Pursuant to R.C. 2945.72, the time within which an accused must be

brought to trial may be extended only for the reasons specifically enumerated in that statute. *State v. Brewer*, Montgomery App. Nos. 22159, 22160, 2008-Ohio-2715, ¶37, citing *State v. Palmer*, 84 Ohio St.3d 103, 1998-Ohio-507. Permissible reasons for extending the trial date include "any period of delay occasioned by the neglect or improper act of the accused," R.C. 2945.72(D), and "the period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion," R.C. 2945.72(H).

{¶ 10} The record reflects the following chronology of events in both of Gavin's cases. To the extent that dates differ between the two cases, the individual case will be identified.

{¶ 11} ·May 13, 2010: Gavin is arrested.

{¶ 12} ·May 14, 2010: Gavin is arraigned, without counsel. Bond is set at $2,000, and a trial date is set for May 25, 2010 for Case No. 2010CRB4260 and May 27, 2010 for 2010CRB4264.

{¶ 13} ·May 27, 2010: Defense counsel moves for a continuance in both cases, stating that she had "no discovery regarding the case" and that she "was unaware they had been assigned to this case." The motion is granted by the trial court, with time charged against Gavin for speedy trial purposes. Gavin is released on an OR (own recognizance) bond. The trial court, on its own motion, orders the cases to be consolidated.

{¶ 14} ·June 2, 2010: A pretrial conference is scheduled for June 10, 2010.

{¶ 15} ·June 3, 2010: A jury trial is scheduled for July 15, 2010.

{¶ 16} ·June 10, 2010:  Gavin fails to appear at the pretrial conference; a capias for his arrest is issued.

{¶ 17} ·June 15, 2010: The capias was recalled.

{¶ 18} ·June 17, 2010: A new final pretrial is scheduled for July 8, 2010.

{¶ 19} ·July 8, 2010: A final pretrial conference is held.

{¶ 20} ·July 9, 2010: The State moves for a continuance of the trial, stating, "The state needs additional time to prepare and obtain a video of the incident recently discovred [sic].   The video of this incident will help facilitate plea negotiations."   The State's motion is granted by the trial court.

{¶ 21} ·July 14, 2010: The jury trial is rescheduled for August 19, 2010.

{¶ 22} ·August 17, 2010: The State responds to a motion to dismiss for speedy trial violations, which was purportedly filed on August 10, but does not appear in the record.

{¶ 23} ·August 19, 2010: A jury trial was held, and Gavin was convicted of two counts of menacing and one count of disorderly conduct.   During the trial, defense counsel clarified that the motion to dismiss on speedy trial grounds "had inadvertently been filed" and that, "if there is one, we are withdrawing the motion."

{¶ 24} As an initial matter, Gavin asserts that, on June 2, 2010, the trial court set a trial date of June 24, 2010, in addition to the pretrial conference date.   Gavin further states that the June 24 trial date was changed to July 15, 2010, without explanation, on the following day (June 3).

{¶ 25} We note that the "Summary Transcripts" for Gavin's cases, which were prepared by the clerk of court, reflect that a June 24, 2010 trial date was

entered on the court's calendar on June 2 and removed from the court's calendar on June 3. However, there is no such journal entry. The scheduling order dated June 2, 2010, only set the date of the pretrial conference; it does not mention a trial date. The June 24, 2010 trial date may have been a typographical error on the summary transcript. Alternatively, the parties may have discussed a June 24, 2010 trial date with the court during an off-the-record conversation.[1] Regardless, a trial court speaks through its journal entries, e.g., *State v. Boles*, Montgomery App. No. 23037, 2011-Ohio-3720, ¶34, citing *Hairston v. Seidner,* 88 Ohio St.3d 57, 2000-Ohio-271, and there is no journal entry reflecting a June 24, 2010 trial date.

{¶ 26} The record reflects that Gavin's speedy trial time began to run on May 14, 2010, the day following his arrest, and that Gavin remained incarcerated on the charges until May 27, 2010, when he was released on an OR bond. Applying the triple-count provision of R.C. 2945.71(E), Gavin claims that forty-two days (14 x 3) elapsed for speedy trial purposes during that time.[2] We agree with that calculation.

---

[1] After Gavin was sentenced following the conclusion of the trial, defense counsel asked the court for a stay of Gavin's sentence. In her discussion with the court, counsel stated: "[Gavin] has appeared for his court hearings. I know there was one time back in June in which he didn't appear for a final jury pre-trial. He wasn't aware that he needed to appear for the final jury pre-trial. He was thinking he just needed to be here for when the jury trial was scheduled in that date, in that month I mean." Trial counsel's statement supports an inference that the June 10 pretrial conference was intended to be a final pretrial conference before a scheduled June trial date.

[2] In its appellate brief, the State makes inconsistent statements about how many speedy trial days accrued in May 2010. The State asserts that Gavin spent 15 days in jail before requesting a continuance, but claims that only 39 speedy trial days had elapsed by the time Gavin was released from jail. The record supports Gavin's contention that he was arrested without a warrant on May 13, that he was arraigned on May 14, and that he remained in jail until May 27.

**{¶ 27}** Gavin concedes that "[c]learly, the motion for continuance filed by the Defendant on May 27, 2010, tolls the speedy trial time for the period from May 27 until June 24, 2010[,]" the date to which, Gavin believes, the trial was rescheduled. Gavin claims, however, that there was no justification in the journal entry for the alleged sua sponte change of the trial date from June 24 to July 15, 2010, and therefore the period between June 24 and July 15 counts against the State, for an additional 21 days. Gavin thus asserts that his speedy trial time expired before the July 15, 2010 trial date (i.e., 42 + 21 = 63 speedy trial days).

**{¶ 28}** Gavin also claims that the continuance of the trial date from July 15, 2010 to August 19, 2010 was not a "reasonable continuance" under R.C. 2945.72(H). He argues that the State had more than two months to prepare its case, and there was no "reasonable explanation why the State could not have learned of or obtained the videotape prior to the July 15, 2010, trial date ***." Gavin asserts that an additional 35 days of speedy trial time passed as a result of the State's motion for a continuance.

**{¶ 29}** The State responds that Gavin waived his right to assert his speedy trial rights for all of the days that had accrued from the day of his initial arrest (May 13) until his capias was recalled on June 15, 2010. Relying on *State v. Bauer* (1980), 61 Ohio St.2d 83, the State asserts that a defendant who fails to appear at a scheduled pretrial or trial date waives any speedy trial time that had accrued from the date of the defendant's initial arrest to the date he was subsequently rearrested. The State thus claims that, "because Gavin failed to appear for a scheduled pretrial on June 10, 2010, his thirty-nine days of accrued speedy trial time started

anew on June 16, 2010, the day after the June 10th capias was recalled. From June 16, 2010 until the scheduled trial date of July 15, 2010, thirty (30) speedy trial days elapsed." Finally, the State argues that its request for a continuance was a reasonable one, which tolled the speedy trial time until the August 19, 2010 trial date. Accordingly, the State claims that only 30 speedy trial days elapsed prior to Gavin's trial.

{¶ 30} With the facts and record before us, we reject the State's contention that Gavin's speedy trial time "started anew" on June 16, 2010, as a result of his failure to appear at the June 10 pretrial conference. In *Bauer*, the Supreme Court held that "a defendant who fails to appear at a scheduled trial, and whose trial must therefore be rescheduled for a later date, waives his right to assert the provisions of R.C. 2945.71 through 2945.73 for that period of time which elapses from his initial arrest to the date he is subsequently rearrested." 61 Ohio St.2d at 85. The philosophy underlying this holding is that a defendant should not be permitted to enjoy the benefits of the speedy trial statutes when, through his own conduct, he has impeded the prompt administration of justice. Id. at 84.

{¶ 31} It is undisputed that Gavin failed to appear for the June 10, 2010 pretrial conference, that a capias was issued, and that the capias was withdrawn on June 15, 2010, five days after the scheduled hearing. Although Gavin missed a scheduled hearing, there is nothing in the record to suggest that his failure to appear on June 10 resulted in any delay of his case or, per *Bauer*, that the trial "must therefore be rescheduled for a later date." The trial court had set the trial date prior to the scheduled June 10, 2010 pretrial conference. After Gavin

appeared before the court on June 15, 2010, the trial court scheduled a final pretrial conference for July 8, 2010. However, the trial date remained July 15, 2010. Because Gavin's failure to appear at the June 10, 2010 pretrial conference did not result in any delay of his case, we find the circumstances to be distinguishable from *Bauer* and that *Bauer* does not apply. Accordingly, for purposes of calculating Gavin's speedy trial time, the time began to run on May 14, 2010.

{¶ 32} Gavin apparently concedes that his counsel's request for a continuance on May 27, 2010, tolled the speedy trial time until the next scheduled trial date, which he mistakenly believed was June 24, but was actually July 15, 2010. Because the trial court did not set a June 24 trial date and then change, sua sponte, the trial date from June 24 to July 15, Gavin's argument regarding the time period between June 24 and July 15 is without merit. The period of delay between May 27, 2010, when defendant moved for a continuance, and July 15, 2010, the new trial date, was properly charged to Gavin.

{¶ 33} Gavin claims that the continuance of the trial date from July 15 to August 19 should have been charged against the State, because its request for a continuance was unreasonable.

{¶ 34} In general, motions filed by the State do not toll the speedy trial time. *Knight* at ¶17. "[A] motion to continue that is filed by the state may toll speedy trial time so long as the trial record affirmatively demonstrates the necessity for a continuance and the reasonableness thereof." *State v. Shabazz*, Cuyahoga App. No. 95021, 2011-Ohio-2260, ¶29, citing *State v. Myers*, 97 Ohio St.3d 335, 2002-Ohio-6658. "Reasonableness is strictly construed against the State. The

reasonableness of a continuance is determined by examining the purpose and length of the continuance. In granting R.C. 2945.72(H) continuances 'other than upon the accused's own motion,' in other words at the request of the State or sua sponte by the court, the reasons for the continuance must be included in the court's journal entry." (Internal citations omitted) *Knight* at ¶30.

{¶ 35} The State moved for a continuance on July 9, 2010, six days before the scheduled trial date. The State explained that additional time was necessary to obtain a newly discovered video of the incident. The video of the incident could have been a pivotal piece of evidence in the State's case or, conversely, could have proven beneficial to Gavin's defense. In addition, as suggested by the State, the review of the newly discovered evidence might have led the parties to reach a plea agreement, eliminating the necessity of a trial. There is no suggestion in the record that the State was dilatory in discovering the video. Under these circumstances, the State's request for a continuance was reasonable. Accordingly, the time between July 15, 2010 and the new trial date, August 19, 2010, was tolled for speedy trial purposes.

{¶ 36} Consequently, only 42 speedy trial days had elapsed when Gavin was brought to trial on August 19, 2010. Because Gavin's speedy trial rights were not violated, Gavin's trial counsel did not render ineffective assistance when she failed to file a motion to dismiss on speedy trial grounds.

{¶ 37} The assignment of error is overruled.

{¶ 38} The trial court's judgments will be affirmed.

. . . . . . . . . .

FAIN, J. and HALL, J., concur.

Copies mailed to:

Matthew Kortjohn
Charles M. Blue
Hon. Deirdre E. Logan