OPINION
{¶ 1} Thomas Alan Peck, II is appealing his sentence imposed by the Champaign County Common Pleas Court for his conviction for burglary and theft.
 {¶ 2} Peck and his girlfriend were involved in drug abuse and heavily in debt to a drug dealer. As a result, Peck and his girlfriend stole $17,300 from his girlfriend's grandmother, Dorothy Ramsey. Peck reached an agreement with the State wherein he pled guilty to one count of burglary and one count of theft in exchange for the remainder of the charges being dropped. After entering his plea, Peck was sentenced to five years in prison for the burglary charge and 17 months on the theft charge. The sentences were to run concurrently to each other but consecutive to whatever sentence Peck was to receive for a criminal prosecution against him in Clark County. Also, the five year sentence on the burglary charge was the maximum sentence possible for that crime.
 {¶ 3} Peck filed a delayed appeal from his sentence in this Court. After reviewing the record, we determined that although the trial court had listed numerous factual findings that supported the court's conclusion that the maximum sentence was necessary because Peck posed the greatest likelihood of committing future crimes, the trial court had failed to link those factual findings to this conclusion. State v. Peck,
Champaign App. No. 20002-CA-24, 2003-Ohio-3836. Therefore, this Court was forced to remand this case for resentencing.
 {¶ 4} On remand, the trial court imposed the same sentence it had originally. Peck has filed this appeal alleging errors in his resentencing. Peck raises the following as his sole assignment of error.
 {¶ 5} "Appellant's sentence is unsupported by the record and contrary to law."
 {¶ 6} Peck argues that his sentence is contrary to the law and unsupported by the record because the trial court did not state the necessary findings and reasons at his sentencing hearing for his maximum and consecutive sentences and because his record did not support the findings. We disagree.
 {¶ 7} The standard of review for an appellate court that is reviewing a sentence imposed by a trial court is described in R.C. 2953.08(G), which states:
 {¶ 8} "(G)(1) If the sentencing court was required to make the findings required by division (B) or (D) of section 2929.13, division (E)(4) of section 2929.14, or division (H) of section2929.20 of the Revised Code relative to the imposition or modification of the sentence, and if the sentencing court failed to state the required findings on the record, the court hearing an appeal under division (A), (B), or (C) of this section shall remand the case to the sentencing court and instruct the sentencing court to state, on the record, the required findings.
 {¶ 9} "(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
 {¶ 10} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
 {¶ 11} "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (E)(4) of section 2929.14, or division (H) of section2929.20 of the Revised Code, whichever, if any, is relevant;
 {¶ 12} "(b) That the sentence is otherwise contrary to law."
 {¶ 13} In determining whether a sentence is "contrary to law", we have defined that term as meaning:
 {¶ 14} "that a sentencing decision manifestly ignores an issue or factor which a statute requires a court to consider. Griffen and Katz, Ohio Felony Sentencing Law (2002 Ed.), § T 9.7 `Where a sentencing court fails to make findings required in R.C.2929.13 or 2929.14, fails to engage in the seriousness and recidivism analysis required under R.C. 2929.12, or fails to set forth reasons when reasons are required in R.C. 2929.19, the sentence is contrary to law.' Id., at p. 779, citing State v.Edmonson, 86 Ohio St.3d 324, 1999-Ohio-110." State v. Lofton,
Montgomery App. No. 19852, 2004-Ohio-169.
 {¶ 15} In regard to maximum sentences, R.C. 2929.14(C) permits a trial court to impose maximum sentences only upon those offenders who committed the worst form of the offense, offenders who pose the greatest likelihood of committing future crimes, certain major drug offenders, and upon certain repeat violent offenders. R.C. 2929.19(B)(2) requires that the trial court find that one of the scenarios listed in R.C. 2929.14(C) exists and give its reasons for selecting that sentence when the court imposes the maximum prison term allowed.
 {¶ 16} Addressing consecutive sentences, we stated in Statev. Rothgeb, Champaign App. No. 02CA7, 2003-Ohio-465, that the trial court:
 {¶ 17} "is permitted by R.C. 2929.14(E)(4) to order consecutive sentences only after certain findings are made. By requiring the court to then state the reasons for those findings, R.C. 2929.19(B)(2)(c) obliges the court to not only have reasons but also to state what those reasons are. Further, in stating its reasons the court must connect those reasons to the finding which the reason supports. The court cannot merely pronounce causesthat objectively may be its reasons. The court must also identifywhich of those causes are the particular reasons for each of thestatutory findings the court made." Id. ¶¶ 25 (emphasis in the original).
 {¶ 18} Further, we continued on to explain that the preferred method is for the trial court:
 {¶ 19} "to set out each finding that R.C. 2929.14(E)(4) requires the court to make, and in relation to each the particular reason or reasons for making the finding that R.C.2929.19(B)(2)(c) contemplates. An unrelated `laundry list' of reasons that doesn't correspond to the statutory findings the court makes presents a difficult puzzle to solve, and requires an appellate court to try to surmise what the trial court's reasons were. Those reasons may have been ample, and on the record correct. The court must nevertheless identify as to each finding what its reason or reasons in fact were if the General Assembly's policy purposes that we discussed in [State v. Shepherd,
Montgomery App. No. 19284, 2002-Ohio-6790] are to be met." Id.
¶¶ 27.
 {¶ 20} In addition, the Ohio Supreme Court has recently stated that, "[p]ursuant to R.C. 2929.14(E)(4) and2929.19(B)(2)(c), when imposing consecutive sentences, a trial court is required to make its statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing." State v. Comer, 99 Ohio St.3d 463, 464,2003-Ohio-4165, syllabus.
 {¶ 21} In this case, at the resentencing hearing, the trial court stated that it was imposing the maximum term because Peck posed the greatest likelihood of committing future crimes. (Tr. 11.) Additionally, the court stated that consecutive prison terms are necessary "to protect the public, to punish the Defendant, terms are not disproportionate to the conduct involved and to the dangers that the Defendant poses." (Id.) As to the court's determination that consecutive terms were necessary to protect the public, the court discussed Peck's criminal history, including the court's belief that a progressive pattern of violence was present in the criminal history along with repetitive conduct and a supervision violation. (Tr. 12.) The trial court did not specify that Peck's criminal history and other factual findings that it discussed at the sentencing hearing in relation to Peck's consecutive sentences were also the reasoning behind the statutory finding supporting the imposition of a maximum sentence.
 {¶ 22} In the sentencing entry, the trial court stated that it was imposing the maximum sentence because Peck posed the greatest likelihood of committing future crimes. The trial court stated that it was imposing consecutive sentences because it was necessary to protect the public, punish Peck, and that a consecutive sentence was not disproportionate to the seriousness of Peck's conduct and the danger he posed to the public. Moreover the trial court found that the harm Peck caused was so great that a single term would not adequately reflect the seriousness of his conduct and that his criminal history showed that consecutive terms were necessary to protect the public. The trial court then proceeded on to state:
 {¶ 23} "The Court's reasons for imposing maximum and consecutive sentences are as follows:
 {¶ 24} "1. The victim suffered a loss of $17,300.
 {¶ 25} "2. Defendant's juvenile record included Menacing Receiving Stolen Property, and two probation violations.
 {¶ 26} "3. Defendant's adult record contains thirteen previous offenses, including two separate Receiving Stolen Property charges, two separate Aggravated Menacing charges, Falsification, Obstruction of Justice, and Resisting Arrest.
 {¶ 27} "4. Defendant also had charges of Tampering with Coin Machine, Assault of Police Officer, Telephone Harassment (including threats), Disorderly Conduct, and Criminal Damaging.
 {¶ 28} "5. Defendant previously served a prison term for breaking and entering.
 {¶ 29} "6. Defendant was in prison at the time of sentencing for a fourth degree felony assault conviction.
 {¶ 30} "7. The pattern of Defendant's conduct involves increasing violence.
 {¶ 31} "8. Defendant showed no genuine remorse.
 {¶ 32} "9. Defendant's criminal record shows a pattern of physical abuse.
 {¶ 33} "10. Defendant's criminal record establishes that Defendant has not responded favorably to previous sanctions." Judgment entry at 4.
 {¶ 34} We will first address whether the statutorily required findings and reasons supporting those findings were properly made. As to the maximum sentence, the trial court at the sentencing hearing and in its entry made the statutorily required finding necessary to support the maximum sentence. Specifically, the trial court found at the sentencing hearing and in the sentencing entry that Peck posed the greatest likelihood of committing future offenses. In the sentencing entry, the trial court stated the above listed reasons as supporting its finding for the maximum sentence.
 {¶ 35} Under Comer, the reasons for the statutory finding supporting the maximum sentence must be stated at the hearing. Under the Comer analysis, the trial court's sentencing hearing would not be sufficient because the trial court did not state at the hearing its reasons for the required statutory finding it made. However, Peck's resentencing occurred prior to the announcement of the Comer decision. Prior to Comer, this Court had held that if the reasons for the required statutory findings were provided in the sentencing entry then the requirements of R.C. 2929.19(B) and R.C. 2929.14(C) were met.State v. Hatfield, Miami App. No. 2002 CA 4, 2002-Ohio-4968. Thus, although the trial court did not list at the sentencing hearing the reasons supporting its statutory finding, the listing in the entry satisfies the requirement.
 {¶ 36} In regard to Peck's consecutive sentence, the trial court made at the sentencing hearing the required finding that consecutive sentences were necessary to protect the public, to punish Peck, that the terms were not disproportionate to the conduct involved, and to the dangers Peck poses. Specifically, the trial court stated at the hearing that Peck's criminal history, which the court then proceeded on to list, showed that consecutive terms were needed to protect the public. The same findings were made in the trial court's sentencing entry. We find that the trial court made the statutorily required findings and stated the necessary reasoning to support those findings. Thus, the trial court complied with R.C. 2929.14(E)(4) and 2929.19
(B)(2)(c) in its findings.
 {¶ 37} In addition, Peck argues that his sentence is contrary to law and unsupported by the record because the underlying crime contained no violence and Peck had undertaken several rehabilitative efforts while incarcerated from the time of his original sentencing. As to Peck's rehabilitative efforts, the trial court found that his rehabilitative efforts were a matter to be considered for judicial release. Although we commend Peck for having taken advantage of rehabilitation offered in the institution and for being successful at those community service projects, we see no error in the trial court's conclusion that the rehabilitative efforts should be considered as a part of judicial release.
 {¶ 38} The trial court focused on Peck's criminal history as supporting his finding for maximum and consecutive sentences. Peck has a lengthy criminal history in which he has committed over twenty offenses from 1991 to 2001. Additionally, Peck has received probation for prior offenses and has violated that probation three times. The trial court found as one of its reasons supporting maximum and consecutive sentences that Peck's criminal history displayed a progressive pattern of violence. Peck challenges this finding because the underlying crime contained no violence. However, Peck ignores his lengthy history of criminally violent behavior. Peck previously committed menacing on three occasions, resisted arrest on two occasions, domestic violence on two occasions, and assault on four occasions, two of which were against a police officer. Moreover, Peck had been charged with disorderly conduct and telephone harassment, both of which contained threats of violence.
 {¶ 39} In Peck's most recent offense, when the police came to arrest Peck for the underlying offense in this case, the police found Peck chasing several people with a large piece of wood in his hands. The officers pursued Peck, and he swung at one of the officers, striking him on the chest. After several officers arrived and took custody of Peck, he continued to threaten to break the windows out of the police cruiser. Further, Peck spat in two officers' faces and threatened to kick one of the officer's "ass" and to find the officer's home, break into the home, and "shoot [him] in the fucking head." Clearly, this incident along with Peck's criminal record supports the trial court's finding that his criminal history showed a progressive pattern of violence. Peck's long criminal history, including several incidents of violence, supported the trial court's determination that Peck had the greatest likelihood of committing future offenses and that consecutive sentences were necessary to protect the public. Therefore, we cannot say that Peck's sentence was contrary to the law or unsupported by the record. Peck's assignment of error is without merit and is overruled.
 {¶ 40} The judgment of the trial court is affirmed.
Wolff, J. and Grady, J., concur.