OPINION
{¶ 1} Defendant, John Burkhart, appeals from his conviction and sentence for menacing by stalking, telephone harassment, violation of a civil stalking protection order, and carrying concealed weapons.
 {¶ 2} As a result of making harassing and threatening *Page 2 
telephone calls to a former co-worker, James Arnold, after Arnold had obtained a civil stalking protection order, and by discharging a firearm near Arnold's residence, Defendant was indicted on five counts of menacing by stalking, R.C. 2903.211(A)(1), two counts of telephone harassment, R.C. 2917.21(B), one count of violating a civil stalking protection order, R.C. 2919.27(A)(2), five counts of improperly handling firearms in a motor vehicle, R.C. 2923.16(A), and five counts of improperly discharging a firearm at or into a habitation. R.C.2923.161(A)(1). The menacing by stalking, improper handling of firearms in a motor vehicle, and improperly discharging a firearm at or into a habitation charges contained both one and three year firearm specifications pursuant to R.C. 2941.141 and 2941.145.
 {¶ 3} Defendant entered negotiated pleas of guilty to two counts of menacing by stalking, one count of telephone harassment, violation of a civil stalking protection order, and one count of carrying concealed weapons, R.C. 2923.12(A)(1), the final charge having been presented via a bill of information. In exchange, the State dismissed the remaining charges and the firearm specifications attached to the menacing by stalking charges. The trial court sentenced Defendant to the maximum, concurrent prison terms on each of the criminal offenses, and ordered that the sentence for *Page 3 
violating a civil stalking protection order be served consecutively, for a total aggregate sentence of six and one-half years.
 {¶ 4} Defendant timely appealed to this court, challenging only his sentence.
FIRST ASSIGNMENT OF ERROR
 {¶ 5} "THE TRIAL COURT ERRED, AS A MATTER OF LAW, WHEN IT APPLIED A SENTENCING SCHEME WHICH WAS NOT IN EFFECT AT THE TIME OF THE COMMISSION OF THE OFFENSES CONTAINED IN THE INDICTMENT."
 {¶ 6} Defendant asks this court to declare the Ohio Supreme Court's decision and mandate in State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, unconstitutional and inapplicable to this case because (1) it operates as an ex post facto law and violates due process, (2) it violates the "rule of lenity" in R.C. 2901.04(A) by permitting the sentencing statutes to be applied in a manner that results in harsher sentences than the General Assembly intended, and (3) it violates the separation of powers doctrine.
 {¶ 7} The appellate jurisdiction of this court permits us to review "judgments or final orders of courts of record inferior to the courts of appeals within the district" as well as "orders or actions of administrative officers or agencies." *Page 4 
Section 3(B)(2), Article IV, Ohio Constitution. Manifestly, decisions of The Supreme Court of Ohio are outside those classifications. Therefore, we lack the jurisdiction to review those decisions for error.
 {¶ 8} Defendant's first assignment of error is overruled.
SECOND ASSIGNMENT OF ERROR
 {¶ 9} "THE TRIAL COURT ERRED, AS A MATTER OF LAW, WHEN IT IMPOSEDMAXIMUM SENTENCES ON EACH COUNT AND CONSECUTIVE SENTENCES AS TO SOME OFTHOSE COUNTS."
 {¶ 10} Defendant argues that his maximum and consecutive sentences are not supported by the record and the seriousness and recidivism factors in R.C. 2929.12. After reviewing the applicability of each factor in R.C. 2929.12(B), (C), (D) and (E), Defendant argues that the less serious factors far outweigh the more serious factors. Defendant concedes, however, that a number of factors support a finding that recidivism is likely.
 {¶ 11} When imposing a sentence within the applicable statutory range, per Foster, the court must consider the purposes and principles of felony sentencing in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. State v. Mathis, 109 Ohio St.3d 54,2006-Ohio-855. On appeal, we may not review error assigned with respect to the court's *Page 5 
application of those sections for an abuse of discretion. R.C.2953.08(G)(2). Instead, an appellate court may reverse or modify a sentence only if the court "clearly and convincingly finds" that a sentence is contrary to law. R.C. 2953.08(G)(2)(b). "`[C]ontrary to law' means that a sentencing decision manifestly ignores an issue or factor which a statute requires a court to consider." State v. Lofton, Montgomery App. No. 19852, 2004-Ohio-169, at ¶ 11.
 {¶ 12} When it imposed Defendant's sentences, the trial court stated that it had considered the statutory factors and found that the more serious factors outweigh the less serious factors and that the more likely recidivism factors outweigh the less likely recidivism factors. The court also stated that protection of the public from future crime by Defendant required an extended sentence. Having thus considered the general guidance factors required by statute, the court's sentence is not "contrary to law." State v. Peck (Nov. 19, 2004), Champaign App. No. 2003-CA-30, 2004-Ohio-6231.
 {¶ 13} Defendant has an extensive history of previous convictions, including convictions for aggravated menacing and menacing by stalking. Defendant made numerous harassing and threatening telephone calls to the victim, who was a co-worker. Even after the victim made known his desire to be left alone, Defendant continued his threats and harassment by *Page 6 
discharging a firearm near the victim's home on several occasions. Defendant persisted in harassing and threatening the victim after being confronted by police and told to stay away and have no further contact with the victim, after being fired from his job for confronting the victim at work, and even after the victim obtained a civil stalking protection order against Defendant. Some of these incidents occurred while Defendant was free on bond. Given these facts and circumstances, we cannot clearly and convincingly find that the sentences imposed by the trial court are contrary to law. R.C. 2953.08(G)(2)(b).
 {¶ 14} Defendant's second assignment of error is overruled. The judgment of the trial court will be affirmed.
BROGAN, J. And WALTERS, J., concur.
(Hon. Sumner E. Walters, retired from the Third Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio). *Page 1