OPINION
{¶ 1} Defendant, Dwain Hawkins, appeals from his conviction and sentence for failing to comply with an order or signal of a police officer.
 {¶ 2} On February 17, 2006, Defendant fled the scene after Centerville police stopped his vehicle for a traffic violation. *Page 2 
Police pursued Defendant, and during that high speed chase Defendant ran red lights and barely avoided colliding with a funeral procession. The officers finally terminated the pursuit due to the amount of traffic.
 {¶ 3} As a result of these events, Defendant was indicted on one count of failure to comply with an order or signal of a police officer, in a manner that caused a substantial risk of serious physical harm to persons or property. R.C. 2921.331(B), (C)(5)(a)(ii). Pursuant to a plea agreement, Defendant entered a plea of guilty to the charged offense in exchange for the State's recommendation of a one year prison sentence. The trial court sentenced Defendant to one year in prison.
 {¶ 4} Defendant has timely appealed to this court challenging only his sentence.
FIRST ASSIGNMENT OF ERROR
 {¶ 5} "THE RECORD DOES NOT SUPPORT THE TRIAL COURT'S SENTENCE AND/OR FINDINGS."
SECOND ASSIGNMENT OF ERROR
 {¶ 6} "THE TRIAL COURT'S SENTENCE IS CONTRARY TO LAW."
 {¶ 7} In these related assignments of error, Defendant argues that his minimum one year prison sentence is not supported by the record and the seriousness and recidivism factors in R.C. 2929.12. Specifically, Defendant asserts that none of the factors making *Page 3 
this offense more serious, R.C. 2929.12(B), or recidivism more likely, R.C. 2929.12(D), apply in this case. Conversely, he argues that one factor making this offense less serious does apply, that Defendant did not cause or expect to cause physical harm to any person or property. R.C. 2929.12 (C)(3). Defendant additionally argues that because his sentence is not supported by the record, it is contrary to law.
 {¶ 8} When imposing a sentence within the applicable statutory range, per State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the trial court must consider the purposes and principles of felony sentencing in R.C.2929.11 and the seriousness and recidivism factors in R.C. 2929.12.State v. Mathis, 109 Ohio St.3d 54, 2006-Ohio-855. Specific findings demonstrating that the court considered the applicable factors are not required. State v. Arnett, 88 Ohio St.3d 208, 215, 2000-Ohio-301;Foster at ¶ 42. On appeal, we may not review error assigned with respect to the court's application of R.C. 2929.11 and 2929.12 for an abuse of discretion. R.C. 2953.08(G)(2). Instead, an appellate court may reverse or modify a sentence only if the court "clearly and convincingly finds" that a sentence is contrary to law. R.C. 2953.08(G)(2)(b). "`[Contrary to law' means that a sentencing decision manifestly ignores an issue or factor which a statute requires a court to consider." State v.Lofton, Montgomery App. *Page 4 
No. 19852, 2004-Ohio-169, at ¶ 11.
 {¶ 9} When it imposed Defendant's sentence at the sentencing hearing, the trial court stated: "That being said, it is the consideration of this Court, having looked at the record, the presentence report, the purposes and principles of sentencing and having balanced the seriousness and recidivism factors pursuant to 2929.12, this Court finds, having considered these factors, that the Defendant is not amenable to community control at this time and that a prison term is consistent with the purposes and principles of sentencing under Ohio Revised Code Section 2929.11." The court also noted that a significant disposition was necessary due to the nature of the conduct that occurred.
 {¶ 10} Because the court considered the general guidance factors in R.C. 2929.11 and 2929.12, the trial court's sentence in this case is not "contrary to law." State v. Peck (Nov. 19, 2004), Champaign App. No. 2003-CA-30, 2004-Ohio-6231.
 {¶ 11} Although Defendant's history of previous criminal convictions involves mostly minor offenses, that history is nevertheless fairly extensive. Furthermore, this record demonstrates that at the time Centerville police stopped Defendant's vehicle for speeding and weaving within its lane of travel, Defendant had been smoking marijuana in his vehicle. After Defendant drove away from the scene of the traffic stop, prompting *Page 5 
a high speed chase, Defendant ran one or more red lights and barely avoided colliding with a funeral procession, which conduct presented a substantial risk of serious physical harm to persons or property. Given those facts and circumstances, we cannot clearly and convincingly find that this record does not support the minimum one year sentence imposed by the trial court.
 {¶ 12} Defendant's assignments of error are overruled. The judgment of the trial court will be affirmed.
 FAIN, J. And DONOVAN, J., concur. *Page 1