OPINION
{¶ 1} This matter is before the Court on the Notice of Appeal of James L. Wilson, filed January 23, 2007. On August 2, 2006, Wilson pled guilty to one count of gross sexual imposition, in violation of R.C.2907.05(A)(3), a felony of the third degree. The victim was *Page 2 
Wilson's ten year old granddaughter. On January 11, 2007, the trial court sentenced Wilson to five years in prison and designated him a sexual predator.
 {¶ 2} We note initially that the transcript of the proceedings below was untimely filed. App. R. 10 (A) provides, "The record on appeal, including the transcript * * * necessary for the determination of the appeal, shall be transmitted to the clerk of court of appeals when the record is complete for purposes of appeal, or when forty days * * * have elapsed after the filing of the notice of appeal and no order extending time has been granted under subdivision (C)." The transcript herein was due on March 6, 2007, but was not filed until April 3, 2007. The State did not object to the late filing of the transcript, and we will consider it in our review of Wilson's sole assignment of error.
 {¶ 3} Wilson's assignment of error is as follows:
 {¶ 4} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT IMPOSED A MAXIMUM PRISON SENTENCE."
 {¶ 5} Wilson cites State v. Foster, 109 Ohio St.3d 1, 845 N.E.2d 470,2006-Ohio-856. Wilson argues that the trial court "took only a cursory account of the purposes and factors set forth in R.C. 2929.11 and2929.12. It stated that Mr. Wison [w]as convicted of a sex offense, that he has served a prior prison sentence, that he was not amenable to community control sanctions and that prison was `consistent' with the sentencing purposes statute. Unfortunately, that was as specific as the Court would get during the hearing. Mr. Wilson contends that imposing the maximum sentence in his case was an abuse of discretion and that the Court would [sic] have included more of its reasoning in the sentencing hearing to afford him a more meaningful review of his sentence." Wilson "encourages this Court to take this opportunity to *Page 3 
instruct the trial courts on the level of explanation necessary to afford criminal defendants this important insight into their sentences, as the sentence is theoretically imposed to not only protect the public, but teach the defendant through punishment and rehabilitation what he or she has done wrong and how to correct future conduct."
 {¶ 6} The State responds, "Because Foster gave trial courts full discretion to impose a prison sentence within the statutory range, as long as the court considers the purposes and principles of sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C.2929.12, a prison sentence that is imposed within the statutory range may only [sic] be disturbed absent an abuse of discretion."
 {¶ 7} The law in Ohio is clear that, "`When imposing a sentence within the applicable statutory range, per * * * Foster * * *, the trial court must consider the purposes and principles of felony sentencing in R.C.2929.11 and the seriousness and recidivism factors in R.C. 2929.12. (Internal citation omitted). Specific findings demonstrating that thecourt considered the applicable factors are not required. (Emphasis added). (Internal citation omitted). On appeal, we may not review error assigned with respect to the sentencing court's application of R.C.2929.11 and 2929.12 for an abuse of discretion. R.C. 2953.08(G)(2). Instead, an appellate court may reverse or modify a sentence only if the court `clearly and convincingly finds' that a sentence is contrary to law. R.C. 2953.08(G)(2)(b). `Contrary to law' means that a sentencing decision manifestly ignores an issue or factor which a statute requires a court to consider.' State v. Hawkins, Greene App. No. 06CA79,2007-Ohio-3581." State v. Sells, Miami App. No. 2006 CA 27,2007-Ohio-4213.
 {¶ 8} The trial court stated at sentencing that it considered the record, the report of the *Page 4 
Adult Probation Department, the principles and purposes of sentencing under R.C. 2929.11, and that it balanced the seriousness and recidivism factors set forth in R.C. 2929.12. Although the court's remarks were pithy, they do reveal the court considered a prior prison term and a lack of amenability to community control, both rational explanations for a five year prison term. Foster does not require specific findings that the applicable factors were considered, and Wilson's sentence is accordingly not contrary to law. Since the trial court complied with the relevant statutory guidelines, Wilson's assignment of error is overruled. Judgment affirmed.
GRADY, J. and VALEN, J., concur.
(Hon. Anthony Valen retired from the Twelfth District Court of Appeals sitting by assignment of the Chief Justice of the Supreme Court of Ohio). *Page 1