OPINION
{¶ 1} Franz Hardin appeals from his conviction of felonious assault on a police officer with a firearm specification and having a weapon while under a disability. Hardin was sentenced to a total of sixteen years in prison on January 31, 2006. Hardin appealed and we reversed Hardin's sentence per State v. Foster (2006), *Page 2 109 Ohio St.3d 1, 2006-Ohio-856, and remanded the matter for re-sentencing. On remand, the trial court imposed the same sentence previously imposed without making any findings but after considering the general sentencing factors provided in the statute.
 {¶ 2} In his first assignment, Hardin contends the trial court erred in not re-sentencing him to minimum prison terms. Hardin argues that the effect of the Foster opinion by the Ohio Supreme Court is to create a sentencing law which is more onerous and violates the ex post facto provisions of the United States Constitution, citing Rogers v.Tennessee (2001), 532 U.S. 451.
 {¶ 3} As a court of appeals, we are in no position to find the Ohio Supreme Court's opinion violated a federal constitutional provision. SeeState v. Burkhart, Champaign App. No. 06CA18, 2007-Ohio-3436, f7. The Appellant's first assignment of error is Overruled.
 {¶ 4} In his second assignment, Appellant contends the trial court was required to impose concurrent sentences upon him because Foster
effectively eliminated the trial court's authority to impose consecutive sentences. This assignment must also be Overruled. See State v.Frazier, 115 Ohio St.3d 139, 2007-Ohio-5048.
 {¶ 5} The Judgment of the trial court is Affirmed.
WOLFF, P.J., and DONOVAN, J., concur.
Copies mailed to:
Richard M. Howell
Timothy L. Upton
 Hon. Jonathan P. Hein *Page 1