OPINION
{¶ 1} Harold Smith, Jr. appeals from his conviction of two counts of gross sexual imposition. Smith pleaded guilty to these charges after the State agreed to *Page 2 
dismiss three rape charges. He was sentenced to an agreed sentence of six and one-half years in prison. Smith's appointed counsel has filed anAnders brief stating he could find no arguable merit to Smith's appeal.
 {¶ 2} Smith has filed his own brief. In his first three assignments, Smith contends the trial court exceeded its authority in imposing sentences which exceeded the statutory maximum mandated by R.C. 2929.14. Smith argues that the court could not impose consecutive sentences upon him without violating his constitutional right to a jury trial as held in State v. Foster (2006), 109 Ohio St.3d 1. Smith also argues that judicial severance of the sentencing statute as authorized by the Ohio Supreme Court in Foster violates the Ex Post Factor Clause of the United States Constitution. Lastly, Smith argues his trial counsel was constitutionally ineffective in failing to object to the trial court's imposition of the two maximum sentences without providing him a jury trial in the "enhancing factors."
 {¶ 3} The State argues that Smith's sentence is not reviewable by this court because it was an agreed sentence. See R.C. 2953.08(D)(1). That section provides that a sentence imposed upon a defendant is not subject to review under R.C. 2953.08 if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecutor in the case, and is imposed by a sentencing judge. Secondly, the State argues that Foster has no application to Smith because his case was not on direct appeal at the time Foster was decided, and the supreme court has ruled that Foster does not apply to a delayed appeal unless it was pending at the time Foster was decided. Foster was decided on February 27, 2006, months before this court granted Smith's delayed appeal on December 13, 2006. Lastly, the State notes we have held we are in no position to rule that an Ohio *Page 3 
Supreme Court opinion violates the federal ex post facto provisions. SeeState v. Burkhart, Champaign App. No. 2006 CA 18, 2007-Ohio-3436. All of the State's arguments for overruling Smith's assignments of error are well taken.
 {¶ 4} We have reviewed carefully the transcript of Smith's guilty pleas entered May 31, 2005. We are satisfied that the trial court fully complied with the provisions of Crim. R. 11. The record discloses that Smith voluntarily and intelligently entered his guilty pleas to the two reduced charges, and that he voluntarily and intelligently agreed to the sentences imposed by the trial court.
 {¶ 5} The judgment of the trial court is affirmed.
WOLFF, P.J., and DONOVAN, J., concur.
Copies mailed to:
Amy M. Smith Brett A. Rinehart Harold L. Smith, Jr. Hon. Richard P. Carey *Page 1