OPINION
{¶ 1} Defendant-appellant Ronald Shank appeals his conviction and sentence for one count of attempted robbery, a felony of the third degree.
 {¶ 2} On August 8, 2007, Shank was indicted for one count of robbery in connection *Page 2 
with a shoplifting incident that occurred on July 19, 2007. After leaving the scene with two other individuals who were also arrested and charged as a result of the offense, Shank and his cohorts attempted to flee in a motor vehicle. A loss prevention officer employed by the store confronted the trio outside the store. Evidence was adduced at Shank's plea hearing which established that he brandished a screwdriver and threatened the loss prevention officer before fleeing.
 {¶ 3} Shank initially pled guilty to one count of robbery on September 20, 2007. On November 27, 2007, however, Shank filed a motion to withdraw his plea after he became aware that he would not be considered for community control. On the same day, the trial court allowed Shank to withdraw his plea on the robbery charge, and Shank agreed to a new plea arrangement with the State in which he pled guilty to the charge of attempted robbery. The trial court accepted the guilty plea and sentenced Shank to a one year term of imprisonment. After imposing his sentence, the trial court stated on the record that Shank was eligible for shock incarceration, transitional control, and intensive program prison.
 {¶ 4} It is from this judgment that Shank now appeals.
 I {¶ 5} Shank's sole assignment of error is as follows:
 {¶ 6} "THE SENTENCE OF THE TRIAL COURT IS CONTRARY TO LAW BECAUSE IT FAILS TO REFLECT ANY CONSIDERATION OF THE PURPOSES AND PRINCIPLES OF FELONY SENTENCING CONTINED [sic] IN R.C. 2929.11 OR THE SERIOUSNESS AND RECIDIVISM FACTORS OF R.C. 2929.12."
 {¶ 7} In his sole assignment, Shank contends that the trial court erred when it *Page 3 
sentenced him to one year in prison because it did not properly consider the sentencing factors contained in R.C. §§ 2929.11 or 2929.12. Thus, Shank argues that his sentence is contrary to law and should be reversed.
 {¶ 8} Initially, it should be noted that pursuant to the Ohio Supreme Court's holding in State v. Foster, 109 Ohio St.3d 1, 845 N.E.2d 470,2006-Ohio-856, the trial court was not required to make any findings on the record in order to support the imposition of Shank's sentence. PostFoster, trial courts have full discretion to impose any sentence within the statutory range and are no longer required to make findings or give their reasons for imposing more than the minimum sentences.
 {¶ 9} Bearing that in mind, we recently held the following inState v. Wilson, Greene App. No. 2007-CA-7, 2007-Ohio-5363:
 {¶ 10} "The law in Ohio is clear that, `When imposing a sentence within the applicable statutory range, per * * * Foster * * *, the trial court must consider the purposes and principles of felony sentencing in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. (Internal citation omitted). Specific findings demonstrating that thecourt considered the applicable factors are not required. (Emphasis added). (Internal citation omitted). On appeal, we may not review error assigned with respect to the sentencing court's application of R.C. 2929.11 and 2929.12 for an abuse of discretion. R.C. 2953.08(G)(2). Instead, an appellate court may reverse or modify a sentence only if the court "clearly and convincingly finds" that a sentence is contrary to law. R.C. 2953.08(G)(2)(b). "Contrary to law" means that a sentencing decision manifestly ignores an issue or factor which a statute requires a court to consider.' State v. Hawkins, Greene App. No. 06CA79,2007-Ohio-3581. State v. Sells, Miami App. No. 2006 *Page 4 
 {¶ 11} After Shank pled guilty to the charge of attempted robbery at the second plea hearing on November 27, 2007, the trial court made the following findings before imposing sentence:
 {¶ 12} "The Court: Very well. Considering the purposes and principles of sentencing and the Ohio Revised Code and the seriousness and recidivism factors contained therein, it's the judgment and sentence of this Court the Defendant, Ronald Shank, be sentenced to the Ohio Department of Rehabilitation and Correction for period of one year.
 {¶ 13} "We're going to specifically indicate that the Defendant is eligible for shock incarceration, transitional control, and intensive program prison."
 {¶ 14} In addition to the above statements, the record reflects that the trial court also considered Shank's pre-sentence investigation report for the original robbery charge before imposing sentence. The court made Shank aware that he was eligible for community control as well. Although the trial court offered only a short explanation of its reasons before sentencing Shank to a one year term of imprisonment, its remarks reveal that it made the proper considerations required byFoster. Pursuant to the holding in Foster, the trial court was not required to make specific findings. State v. Hawkins, Greene App. No. 06CA79, 2007-Ohio-3581. Shank has failed to establish by clear and convincing evidence that the trial court did not properly consider the applicable sentencing factors and guidelines. Thus, Shank's sentence is not contrary to law.
 {¶ 15} Most recently, the Ohio Supreme Court issued its decision inState v. Kalish, — N.E.2d —, 2008-Ohio-4912, which held in applyingFoster, appellate courts must utilize a two-step *Page 5 
approach. The first step that an appellate court must undertake is to examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence in order to determine whether the sentence is contrary to law. Id. The final step, if the first prong is satisfied, requires the reviewing court to examine the trial court's decision under an abuse of discretion standard. Id. "An abuse of discretion connotes more than an error in judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling." State v. Carter, Summit App. No. 22444, 2005-Ohio-4362. We may not substitute our judgment for that of the trial court. Id.
 {¶ 16} As previously mentioned, the trial court sentenced Shank to one year in prison, but stated on the record that Shank was eligible for shock incarceration, transitional control, and intensive program prison. In light of the circumstances involved in his arrest and subsequent conviction for attempted robbery, we hold that the trial court did not abuse its discretion when it imposed sentence on Shank.
 {¶ 17} Shank's sole assignment of error is overruled.
 II {¶ 18} Shank's sole assignment of error having been overruled, the judgment of the trial court is affirmed.
 FAIN, J. and GRADY, J., concur. *Page 1