OPINION
{¶ 1} Appellant, Christina Mitchell, appeals a judgment of the Clark County Common Pleas Court sentencing her to eight years in prison. Mitchell asserts that her resentencing, pursuant to the mandate inState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, was improper because it retroactively applied sentencing laws in violation of her due process *Page 2 
rights and her right to be free from ex post facto laws. For the reasons articulated by this court in State v. Burkhart, Champaign App. No. 2006-CA-18, 2007-Ohio-3436, we affirm the judgment of the trial court.
 {¶ 2} On April 11, 2005, Mitchell entered a plea of guilty to one count of child endangering, a felony of the second degree, in violation of R.C. 2919.22. On May 4, 2005, a sentencing hearing was conducted, at which time Mitchell was sentenced to eight years in prison.
 {¶ 3} Thereafter, Mitchell filed a direct appeal of her sentence. On consideration, we reversed her sentence and remanded the matter to the trial court for resentencing pursuant to the Supreme Court's mandate inFoster, supra. State v. Mitchell, Clark App. No. 2005-CA-58,2006-Ohio-1259.
 {¶ 4} On May 4, 2006 a new sentencing hearing was held where the trial court sentenced Mitchell to the identical eight-year sentence as previously imposed. From this sentence, Mitchell takes the instant appeal, setting forth a single assignment of error:
 {¶ 5} "Applying the remedy from State v. Foster to Mitchell deprives her of her due process rights."
 {¶ 6} Mitchell argues that the application of Foster to her sentence violates the Ex Post Facto Clause of the United States Constitution and that her due process rights are violated because the effect ofFoster is to create an ex post facto law. She contends that the retroactive application of Foster increases the penalty for this offense, which was committed prior to the decision in Foster. She also argues that, pursuant to Bouie v. City of Columbia (1964), 378 U.S. 347,84 S.Ct. 1697, 12 L.Ed.2d 894, the application of Foster has unconstitutionally deprived *Page 3 
her of her right to fair warning of a criminal prohibition. Mitchell also points out that both Indiana and Arizona have, in different contexts, determined that the application of a sentencing structure that was not in existence at the time of the commission of the crime violates the constitutional proscription against ex post facto laws.
 {¶ 7} However, this court recently determined in State v.Burkhart, Champaign App. No. 2006-CA-18, 2007-Ohio-3436, that a claim that a decision of the Supreme Court of Ohio is unconstitutional is not cognizable in this court. In so holding, we stated: "The appellate jurisdiction of this court permits us to review `judgments or final orders of court of record inferior to the courts of appeals within the district' as well as `orders or actions of administrative officers or agencies.' Section 3(B)(2), Article IV, Ohio Constitution. Manifestly, decisions of The Supreme Court of Ohio are outside those classifications. Therefore, we lack the jurisdiction to review those decisions for error."
 {¶ 8} Therefore, we find Mitchell' s assignment of error without merit and we overrule the same.
 {¶ 9} For the foregoing reason, the judgment of the Clark County Common Pleas Court is hereby affirmed.
BROGAN, J. and GRADY, J., concur.
(Hon. Sumner E. Walters retired from the Third District Court of Appeals sitting by assignment of the Chief Justice of the Supreme Court of Ohio). *Page 1