Mathias H. Heck, Jr., by R. Lynn Nothstine, Atty. Reg. 0061560, Attorneys for Plaintiff-Appellee.
Robert S. Smith, Jr., 496-757, Lebanon Correctional Institution, Defendant-Appellant, pro se.
Michael H. Holz, Atty. Reg. 0031902, 507, Attorney for Defendant-Appellant.
 OPINION *Page 2 
{¶ 1} Defendant-appellant Robert S. Smith, Jr., appeals from an aggregate sentence of ten years imposed for two counts of Rape, one count of Attempted Rape, one count of Aggravated Burglary, and one count of Kidnapping. The sentence was imposed after the original sentence was reversed, and the cause was remanded by this court for re-sentencing under State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856.
 {¶ 2} Smith's attorney has filed a brief pursuant to Anders v.California (1967), 386 U.S. 738, reflecting that he has found no potential assignments of error having arguable merit. We accorded Smith the opportunity to file his own, pro se brief, and he has.
 {¶ 3} In his pro se brief, Smith asserts:
 {¶ 4} "THE TRIAL COURT ERRED IN NOT SENTENCING DEFENDANT-APPELLANT TO THE SHORTEST PRISON TERM MANDATED UNDER O.R.C. § 2929.14(B) IN VIOLATION OF BLAKELY V. WASHINGTON [(2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403].
 {¶ 5} "THE TRIAL COURT ERRED WITH IT'S [sic] APPLICATION OFFOSTER VIOLATING THE EX POST FACTO AND DUE PROCESS CLAUSES OF THE UNITED STATES CONSTITUTION."
 {¶ 6} The first issue Smith raises is that Blakely v. Washington, supra, requires that a defendant sentenced under Ohio's felony sentencing statute may not be sentenced to more than the minimum term of imprisonment prescribed for the offense or offenses of which he has been convicted. This argument was rejected in State v. Foster, supra, the authority under which we reversed Smith's original sentence and *Page 3 
remanded this cause for re-sentencing. It has no arguable merit.
 {¶ 7} Smith's second issue is that the remedy mandated by State v.Foster, supra, may not be imposed retroactively, to sentences originally imposed before State v. Foster was decided, without running afoul of the Ex Post Facto clause in Article II, Section 10 of the United States Constitution, or the Due Process clause in the Fourteenth Amendment to the United States Constitution. As we have noted many times, as an inferior court, we lack authority to pronounce unconstitutional decisions of the Ohio Supreme Court. See, e.g., State v. Mitchell, Clark App. No. 2006 CA 53, 2007 Ohio 3590. This claim has no arguable merit.
 {¶ 8} We have independently reviewed the record, as required byAnders v. California, supra, and we find no potential assignments of error having arguable merit. Pursuant to our mandate in the previous appeal, State v. Smith, Montgomery App. No. 21340, 2006 Ohio 5400, the trial court re-sentenced Smith in accordance with State v. Foster, supra. Under Foster, the trial court had authority to exercise its discretion to impose any sentence for these offenses that is within the range of sentences authorized by statute. It did so, after according Smith, who was represented by counsel, a full opportunity to be heard. Smith and his counsel both addressed the trial court at the sentencing hearing.
 {¶ 9} We have reviewed the transcript of the re-sentencing hearing. We have found no potential claim of procedural error having arguable merit. The sentences imposed, which included two ten-year sentences for Rape, were imposed concurrently, so that the total sentence aggregated ten years of imprisonment. We find no arguable claim that by imposing this sentence the trial court abused its discretion. *Page 4 
 {¶ 10} In short, we conclude that this appeal is wholly frivolous. The judgment of the trial court is Affirmed.
 WOLFF, P.J., and DONOVAN, J., concur. *Page 1