OPINION
{¶ 1} Defendant-Appellant, James Lee Wellman, appeals a judgment of the Miami County Common Pleas Court finding him guilty of rape and sentencing him to five years of imprisonment. In his pro se brief, Wellman asserts that his speedy trial rights were violated, that *Page 2 
his counsel was ineffective, and that his Constitutional rights were violated by the failure to serve his second indictment. In anAnders brief, Wellman's appellate counsel asserted that the trial court may have erred in sentencing Wellman to more than the minimum sentence. We determine that Wellman's case was terminated within the speedy trial requirements of R.C. 2945.71, that he has failed to demonstrate ineffective assistance of counsel, that there was no Constitutional infirmity in his re-indictment, and that the trial court did not err in sentencing Wellman to more than the minimum sentence. Therefore, we affirm the judgment of conviction.
 {¶ 2} Wellman was arrested on September 19, 2005, in West Virginia, pursuant to a complaint filed in the Miami County Municipal Court, charging him with rape, a felony of the first degree, in violation of R.C. 2907.02(A)(1)(b). He was returned to Miami County, and was subsequently indicted on December 16, 2005 for two counts of rape, one pursuant to R.C. 2907.02(A)(1)(b) and one pursuant to R.C.2907.02(A)(2). This indictment was dismissed on December 21, 2005. Wellman was incarcerated during this entire period.
 {¶ 3} On November 9, 2005, prior to the dismissal of the charges, Greene County, Ohio placed a holder on Wellman, alleging a probation violation arising out of a prior conviction in that county. Wellman was turned over to the custody of Greene County upon dismissal of the indictment.
 {¶ 4} On May 9, 2006, Wellman was indicted again on two counts of rape, R.C. 2907.02(A)(1)(b), and he was transported back from Greene County on May 10, 2006 for arraignment on these charges. A trial date was set at the arraignment, to commence on the next day, May 11, 2006, which Wellman immediately moved to continue in order to allow sufficient time to prepare for trial. On May 15, 2006, the trial court granted Wellman's motion to continue *Page 3 
the trial and ordered that it be reset to July 18, 2006. On May 26, 2006, Wellman moved to dismiss the indictment for failure to prosecute within the time limits of R.C. 2945.71.
 {¶ 5} Wellman's speedy trial motion to dismiss was heard by the trial court on June 12, 2006, and on July 13, 2006, the motion was overruled. Thereafter, on July 17, 2006, Wellman entered a no contest plea to the second count of the indictment, and he was convicted on the charge and sentenced to five years imprisonment.
 {¶ 6} Wellman timely appealed to this court from his conviction and sentence. His appellate counsel filed a brief pursuant to Anders v.California (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, stating that he could not find any meritorious issue for appellate review. We notified Wellman of his appellate counsel's representations and afforded him ample time to file a pro se brief. Wellman filed a brief setting forth one assignment of error, addressing three different issues. This case is now before us for our independent review of the record.Penson v. Ohio (1988), 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300.
 Anders Potential Assignment of Error {¶ 7} "The Defendant's sentence is not in conformance with minimum sentencing guidelines of ORC 2929.14 or State v. Foster."
 {¶ 8} In hi s Anders brief, counsel for Wellman stated that he could not find any non-frivolous issues for appeal. Counsel then identified one potential issue for review. According to counsel, the trial court might have erred by sentencing Wellman to more than the minimum sentence.
 {¶ 9} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856,845 N.E.2d 470, the Supreme Court of Ohio held that "[b]ecause R.C. 2929.14(B) and (C) * * * require judicial fact-finding *Page 4 
before imposition of a sentence greater than the maximum term authorized by a jury verdict or admission of the defendant, they are unconstitutional." Id. at paragraph one of the syllabus. The Court inFoster determined that severance of these provisions from Ohio's sentencing statute was the appropriate remedy to cure the statute's constitutional defects and concluded that "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at paragraph seven of the syllabus.
 {¶ 10} Wellman was sentenced after the Supreme Court issued its decision in Foster. Consequently, the trial court was not required to make findings or give its reasons for imposing more than the minimum sentence to Wellman. And, on appeal, "we may reverse or modify a sentence only if the court `clearly and convincingly finds' that a sentence is contrary to law. R.C. 2953.08(G)(2)(b). `"[Contrary to law" means that a sentencing decision manifestly ignores an issue or factor which a statute requires a court to consider.'" (Internal citations omitted) State v. Hawkins, Greene App. No. 06CA79, 2007-Ohio-3581, ¶ 8. Therefore, the trial court did not impose a sentence contrary to law. This potential assignment of error has no merit.
 Pro Se Assignment of Error {¶ 11} "Defendant's Fifth, Sixth, and Fourteenth Amendment rights to speedy trial, effective assistance of counsel and equal protection of the law were violated, as well as his rights under ORC 2941.49,2905.12(A)(4)(5)(C)(E), 2941.33, Crim.R. 16(A)."
 {¶ 12} Wellman, in a rambling pro se brief, alleges that there was a conspiracy between the Miami County Prosecutor's Office and the Miami County Public Defender to violate his *Page 5 
rights and hamper his defense. He claims that the Prosecutor's office "manipulated" its powers in dismissing the first indictment and subsequently re-indicting him, violating his speedy trial rights, and that he was coerced, in some unspecified manner, by threat and innuendo, by both the prosecutor and the public defender apparently acting in concert. Finally, he claims that the only remedy, pursuant to U.S.C.A. Const. Amend 6 subsection 88 [sic] is dismissal of the indictment and discharge of him. Unfortunately for Mr. Wellman, the record fails to demonstrate any of these claims.
 {¶ 13} The Sixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution guarantee a criminal defendant the right to a speedy trial. In Ohio, that right is implemented by the statutory scheme imposing specific time limits in R.C. 2945.71 et seq. State v. Pachay (1980), 64 Ohio St.2d 218, 221,416 N.E.2d 589. "The particular rights that the statutory scheme confers attach when a defendant is arrested on criminal charges. They continue so long as those charges remain pending, until his criminal liability is determined by trial or a plea of guilty or no contest." State v.Knight, Greene App. No. 03-CA-14, 2005-Ohio-3179, ¶ 11.
 {¶ 14} R.C. 2945.71(C)(2) requires the State to bring a person against whom a felony charge is pending to trial within two hundred and seventy days after the person's arrest, unless the time for trial is extended pursuant to the provisions in R.C. 2945.72. Each day the person is held in jail in lieu of bail on the pending charge is counted as three days. R.C. 2945.71(E). For a violation of the rights these sections confer, a defendant may seek a discharge from criminal liability pursuant to R.C.2945.73.
 {¶ 15} On September 19, 2005, Wellman was arrested in West Virginia for the rape of a *Page 6 
child under the age of thirteen, that occurred between December 2004 and September 7, 2005, in Miami County, Ohio. From September 19, 2005 until November 10, 2005, Wellman was incarcerated on these charges. After November 10, 2005, he was also held on a detainer or holder from Greene County until the charges were dismissed on December 21, 2005.
 {¶ 16} Ohio speedy trial provisions do not apply to a person incarcerated in another state pending extradition. State v. Cline, Champaign App. No. 2002-CA-5, 2003-Ohio-4712. While the record does not reflect the actual date that Wellman was returned to Ohio, the state claims in its brief that it was on September 22, 2005, three days after Wellman's arrest in West Virginia. Because this seems to be a minimum time to waive extradition and return a prisoner to Ohio, and because Wellman has not argued or demonstrated differently, we will accept that the time for bringing Wellman to trial began to run on September 22, 2005. Thereafter, because it is conceded that Wellman was incarcerated in Miami County, the three for one provisions of 2945.71(E) applied until November 10, 2005, when a holder was issued for Wellman by Greene County on the probation violation charge. The count at this point is 147 days.
 {¶ 17} From November 10 until the indictment was dismissed on December 21, 2005, Wellman's speedy trial time ran on a one-to-one basis due to the existence of the holder. An accused is only entitled to the triple-count provision when he is held in jail solely on the pending charge. State v. Kaiser (1978), 56 Ohio St.2d 29, 381 N.E.2d 633, paragraph two of the syllabus; State v. DeLeon, Montgomery App. No. 18114, 2002-Ohio-3286. See, also, State v. MacDonald (1976),48 Ohio St.2d 66, 357 N.E.2d 40; State v. Davenport, Butler App. No. CA2005-01-05, 2005-Ohio-6686, ¶ 9. This time consisted of 42 days, making a total of 189 days. *Page 7 
 {¶ 18} The speedy trial time was tolled from December 21, 2005 until after he was re-indicted on May 9, 2006, because no felony charges were pending at that time. Knight at ¶ 36; State v. Spratz (1979),58 Ohio St.2d 61, 62, 388 N.E.2d 751.
 {¶ 19} Wellman was subsequently indicted on the same charges on May 9, 2006, and he was returned from the Greene County Jail for arraignment on May 10, 2006. The record indicates that Wellman remained incarcerated in Greene County on other charges and was returned there after the arraignment. If so, the one-to-one provision of R.C. 2945.71 would apply; if not, and he was incarcerated on the Miami County indictment only, the three-for-one provision would apply. On May 26, 2006, Wellman filed his motion to dismiss for violation of his speedy trial rights. Even assuming that the three-for-one provision applies, this additional 17 days would count as 51 days, making a total of 240 days. Therefore, the court did not err in overruling the motion. In this calculation, we also ignore the fact that Wellman's counsel moved for a continuance of the trial date on May 10, 2006, for reasons that we will address later.
 {¶ 20} R.C. 2945.72(E) further provides that the R.C. 2945.71 speedy trial time is tolled by any period necessitated by a plea, motion, or other application "made or instituted by the defendant." Therefore, the speedy trial time was tolled until the court's ruling on the motion to dismiss on July 13, 2006. Wellman entered his plea of no contest on July 17, 2006, and again even assuming the three-for-one provision applies, this adds 12 days making a total of no more than 252 days chargeable to the state against an allowable 270 days.
 {¶ 21} Finally, we would note, with regards to the speedy trial issue, that both Wellman and the state recite in their respective briefs that there were additional pre-trial motions filed by Wellman in the proceedings prior to the indictment in the case appealed from. Since neither *Page 8 
party has supplemented the record on appeal with those records, they are not before this court. However, pursuant to the above, there are likely additional days during the proceedings where the speedy trial time was tolled. Therefore, Wellman's speedy trial rights were not violated.
 {¶ 22} Next, Wellman contends that he was not served with the indictment prior to his arraignment on the charges on May 10, 2006. The record reflects formal service of the indictment on May 31, 2006, well beyond the date of the arraignment. However, Wellman concedes in his brief that his counsel had received a copy of the indictment prior to arraignment.
 {¶ 23} Crim.R. 10(A) provides that an arraignment "* * * shall consist of reading the indictment * * * to the defendant, or stating the substance of the charge, and calling upon him to plead thereto. * * * The defendant shall be given a copy of the indictment * * * or shall acknowledge receipt thereof before being called to plead." R.C. 2941.49 further requires that "[a] defendant, without his assent, shall not be arraigned or called on to answer to an indictment until one day has elapsed after receiving or having opportunity to receive in person or by counsel, a copy of the indictment."
 {¶ 24} Because Wellman has not furnished us with a transcript of the arraignment hearing, and because he is responsible for demonstrating error below, we will presume the regularity of the proceedings and accept that either the indictment was served on Wellman's counsel within the time provided by R.C. 2941.49 or that Wellman waived the statutory time of possession in open court. Further, we will presume that either the indictment was read in open court or that Wellman waived this right as well prior to being asked to plead to the charges. Therefore, Wellman has failed to demonstrate any error in this regard.
 {¶ 25} Finally, Wellman seems to argue that his counsel was ineffective. He claims, *Page 9 
without elaboration, that he believes the Public Defender's Office had a conflict of interest in his case. He also claims that he requested his public defender to withdraw from representation on numerous occasions. He contends that the public defender jeopardized his speedy trial right by requesting a continuance of the May 11 trial date. Finally, Wellman says that his attorney coerced him into entering the no contest plea by telling him that, otherwise, the state would seek the maximum sentence of twenty years rather than the recommended sentence of five years. We have already determined that Wellman's speedy trial rights were not jeopardized by his request for a continuance of the trial date as we ignored this fact in our prior calculation that demonstrated that, even without the tolling provision being applied to this continuance, his case was terminated well within the speedy trial guidelines.
 {¶ 26} Furthermore, at the change of plea hearing, we note that the following colloquy took place between the court and Wellman after Wellman was first sworn by the court:
 {¶ 27} "THE COURT: Okay. Mr. Wellman, is it your desire then to withdraw
your former plea of not guilty and enter a no contest plea to that one count of rape, a felony of the first degree?
 {¶ 28} "MR WELLMAN: Yes sir.
 {¶ 29} "THE COURT: Has anybody threatened or forced you in any way to get you to do that?
 {¶ 30} "MR WELLMAN: No sir.
 {¶ 31} "THE COURT: Anybody promised you anything or guaranteed you anything in order to get you to plead no contest?
 {¶ 32} "MR WELLMAN: No sir. *Page 10 
 {¶ 33} "THE COURT: Are you making your no contest plea voluntarily?
 {¶ 34} "MR WELLMAN: Yes.
 {¶ 35} "* * *
 {¶ 36} "THE COURT: Has your attorney explained everything to you and answered all your questions for you?
 {¶ 37} "MR WELLMAN: Yes.
 {¶ 38} "THE COURT: Okay. Satisfied with his advice, counsel and competence in this case?
 {¶ 39} "MR WELLMAN: Yes."
 {¶ 40} Additionally, Wellman executed a written plea of no contest that contains the following: "I am satisfied with my attorney's advice, counsel and competence." This was again acknowledged in open court prior to the court's acceptance of Wellman's plea.
 {¶ 41} A claim that a guilty plea was induced by ineffective assistance of counsel must be supported by evidence where the record of the guilty plea shows it was voluntarily made. State v. Malesky (Aug. 27, 1992), Cuyahoga App. No. 61290; see, also, State v. Kapper (1983),5 Ohio St.3d 36, 448 N.E.2d 823. In Malesky, the court held:
 {¶ 42} "A naked allegation by a defendant of a guilty plea inducement, is insufficient to support a claim of ineffective assistance of counsel, and would not be upheld on appeal unless it is supported by affidavits or other supporting materials, substantial enough to rebut the record which shows that his plea was voluntary." Id., citing Kapper, supra.
 {¶ 43} In Kapper, the Supreme Court of Ohio adopted the following rationale:
 {¶ 44} "' * * * [A]n allegation of a coerced guilty plea involves actions over which the *Page 11 
State has no control. Therefore, the defendant must bear the initial burden of submitting affidavits or other supporting materials to indicate that he is entitled to relief. Defendant's own self-serving declarations or affidavits alleging a coerced guilty plea are insufficient to rebut the record on review which shows that his plea was voluntary. * * *'" Id. at 38.
 {¶ 45} The record herein demonstrates that Wellman's no contest plea was voluntarily made. He understood the charges in the indictment, including the offense to which he would plead guilty, and the potential sentence that could be imposed. The record further shows that Wellman was forty-five years old at the time of his plea; he was not under the influence of drugs or alcohol; he understood the terms of the plea agreement, which were also set forth in a written plea agreement he signed; and he was not coerced into entering the plea. After the trial court fully informed Wellman of his trial rights pursuant to Crim.R. 11, he waived his right to trial. Wellman's counsel negotiated a plea which resulted in the dismissal of one count and an agreed sentence of five years less than the maximum for the one remaining count. Wellman said he understood the plea agreement and was satisfied with his attorney.
 {¶ 46} There are no affidavits or other supporting materials to rebut the record, which demonstrates that appellant's plea was voluntary. In fact, the record is devoid of any evidentiary materials concerning trial counsel's alleged incompetence and Wellman's alleged ongoing dissatisfaction with him. Therefore, for the foregoing reasons, we cannot conclude that counsel's performance fell below an objective standard of reasonableness.
 {¶ 47} Wellman's sole assignment of error is overruled.
 {¶ 48} In addition to reviewing the possible issues raised by Wellman and his appellate counsel, we have conducted an independent review of the trial court's proceedings and have *Page 12 
found no error having arguable merit. Accordingly, Wellman's appeal is without merit and we grant counsel's request to withdraw.
 {¶ 49} The judgment of the trial court is affirmed.
FAIN, J. and DONOVAN, J., concur.
(Hon. Sumner E. Walters retired from the Third District Court of Appeals sitting by assignment of the Chief Justice of the Supreme Court of Ohio). *Page 1