OPINION
{¶ 1} Defendant-appellant David P. Jordan appeals from the denial of his petition for post-conviction relief. In that petition, Jordan contended that his consecutive, maximum sentences of ten years for Voluntary Manslaughter, and five years for *Page 2 
Tampering with Evidence should be set aside, and that he should receive concurrent, minimum sentences for the offenses.
 {¶ 2} The trial court dismissed Jordan's petition upon the ground that it was not timely filed. We agree. Furthermore, the argument upon which Jordan predicates his claim for relief — that the mandate in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, violates the Equal Protection clause of Article I, Section 10, of the United States Constitution — has been previously rejected by this court in State v. Smith, Montgomery App. No. 21004, 2006-Ohio-4405, and, in any event, is not cognizable by this court, which lacks the authority to hold a mandate from the Ohio Supreme Court to be unconstitutional. Accordingly, the order of the trial court dismissing Jordan's petition for post-conviction relief is Affirmed.
 I {¶ 3} In 2003, Jordan was charged by indictment with one count of Attempted Murder, one count of Felonious Assault, and one count of Intimidation of an Attorney, Victim or Witness in a Crim inal Case. After the death of the victim, Jordan was charged by indictment with Murder.
 {¶ 4} Following the denial of Jordan's motion to suppress evidence, and a further superseding indictment for Murder, a plea bargain was agreed to wherein Jordan pled no contest to the reduced charges of Voluntary Manslaughter and Tampering with Evidence, felonies of the first and third degrees, respectively. All other charges were dismissed. On the same date, May 18, 2004, Jordan was sentenced to ten years imprisonment for Voluntary Manslaughter, and to five years imprisonment for Tampering *Page 3 
with Evidence, to be served consecutively.
 {¶ 5} Jordan's direct appeal from his conviction and sentence resulted in our affirming the judgment of the trial court on August 12, 2005. An attempt to appeal to the Supreme Court of Ohio was unsuccessful.
 {¶ 6} Jordan filed his petition for post-conviction relief, with which this appeal is concerned, on July 6, 2006. The State filed a motion to dismiss Jordan's petition, upon the ground of untimeliness. The trial court agreed with the State, and dismissed the petition. From the order of the trial court dismissing his petition for post-conviction relief, Jordan appeals.
 II {¶ 7} Jordan's sole assignment of error is as follows:
 {¶ 8} "THE TRIAL COURT WAS WITHOUT AUTHORITY TO IMPOSE CONSECUTIVE TERMS OF INCARCERATION, AS THE SENTENCE VIOLATED THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION."
 {¶ 9} In both his assignment of error and his argument in support of his assignment of error, Jordan ignores the fact that the basis for the order from which his appeal is taken is that his petition for post-conviction relief was not timely filed.
 {¶ 10} R.C. 2953.21(A)(2) requires that a petition for post-conviction relief must be filed within 180 days of the filing of the trial transcript in the court of appeals when a direct appeal has been filed. In its motion to dismiss, the State asserted that the trial transcript was filed on January 7, 2005, and Jordan did not rebut that assertion. Jordan did not file his petition until July 6, 2006, a year and a half after the filing of the trial *Page 4 
transcript, and a year after the statutory deadline.
 {¶ 11} R.C. 2953.23(A)(1) does provide for the possibility of a late filing of a petition for post-conviction relief, but only where the petitioner establishes, under subdivision (a), either that he was unavoidably prevented from discovery of the facts upon which he must rely, or that subsequently to the deadline for filing a petition for post-conviction relief, the United States Supreme Court has recognized a new federal or state right that applies retroactively to a person in his situation.
 {¶ 12} Jordan makes no claim that he is relying upon facts that he was unavoidably prevented from discovering. The decisions of the United States Supreme Court upon which he relies are: Blakely v.Washington (2004), 542 U.S. 296; and Miller v. Florida (1987),482 U.S. 423, both of which were decided well before the deadline for filing his petition for post-conviction relief expired in July, 2005. Jordan might have, but did not, cite United States v. Booker (2005), 543 U.S. 220,125 S.Ct. 738, in support of his claim for relief, but Booker was decided January 12, 2005, also well before the expiration of the deadline for filing Jordan's petition for post-conviction relief.
 {¶ 13} We find no error in the trial court's decision that Jordan's petition was not timely filed, and should be dismissed for that reason.
 {¶ 14} Even if Jordan's petition had been timely filed, it is without merit. We have previously rejected his argument that the mandate inState v. Foster, supra, when applied to persons, like Jordan, whose alleged offenses precede the Foster decision, violates the Ex Post Facto clause of Article I, Section 10, of the United States Constitution.State v. Smith, supra, at]}34. Furthermore, we have held, in a number of cases, that we lack the authority, being a court inferior to the Supreme Court of Ohio, to *Page 5 
hold its mandate unconstitutional. See, e.g., State v. Mitchell, Clark App. No. 2006 CA 53, 2007-Ohio-3590; and State v. Smith, Montgomery App. No. 21885, 2007-Ohio-6354.
 WOLFF, P.J., and GRADY, J., concur. *Page 1