OPINION
{¶ 1} Robert Logsdon was convicted of involuntary manslaughter, tampering with evidence, and receiving stolen property in two separate cases pursuant to his pleas of guilty. Logsdon has appealed and his counsel has filed Anders briefs stating he could *Page 2 
find no meritorious issues to raise on appeal.
 {¶ 2} Logsdon was originally charged with aggravated murder but that charge was dismissed in exchange for Logsdon's pleas which he made after his trial began. Logsdon was originally sentenced to terms of 18 months for the receiving stolen property charge, five (5) years for the tampering charge, and ten (10) years on the involuntary manslaughter charge. All the sentences were ordered to be served consecutively after the court made certain factual findings. We reversed Logsdon's sentence per State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, and remanded for re-sentencing. The trial court upon remand imposed the same sentence.
 {¶ 3} In re-sentencing, the trial court noted the seriousness of the crimes for which Logsdon had been convicted and his extensive prior criminal record. The trial court stated it considered all the statutory factors related to sentencing. We see no indication the trial court imposed a sentence contrary to law, and the court had full discretion to impose sentences within the statutory range. State v. Foster, supra, andState v. Wellman, 2007-Ohio-6896.
 {¶ 4} Appellate counsel mentions six additional possible issues which we find have no arguable merit. Counsel suggests prior appellate counsel should have appealed Logsdon's underlying conviction as well as his sentence. There is, however, no suggestion that Logsdon's pleas were not intelligently and voluntarily entered. The trial court certainly had discretion to deny trial counsel's request for co-counsel. Appellate counsel certainly was not ineffective for not arguing that trial counsel should have moved to dismiss the indictments on speedy trial grounds. It was trial counsel who sought the continuances in order to prepare for trial. The charges for which Logsdon *Page 3 
was convicted are not allied offenses of a similar import, and thus trial counsel was not ineffective for not requesting that the court consider them so for sentencing purposes. Lastly, there was no evidence in this record to suggest Logsdon was led by the court to believe he would receive a six-year sentence in exchange for his guilty pleas. Logsdon was given an opportunity to file his own briefs but he has not done so. We are satisfied after review of the record that there is no arguable merit to these appeals and Logsdon's convictions should be affirmed. The Judgments of the trial court are Affirmed.
 WOLFF, P.J., and DONOVAN, J., concur. *Page 1