OPINION
{¶ 1} Defendant-appellant Nigile R. Montgomery appeals from the Montgomery County Court of Common Pleas' imposition of sentence, following a remand for re-sentencing pursuant to the Ohio Supreme Court's holding in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, *Page 2 845 N.E.2d 470, in two separate cases, 04-CR-4295 and 04-CR-4585.
A. Appeal No. 22091 (04-CR-4295)
 {¶ 2} Montgomery was indicted in Case No. 04-CR-4295 on December 29, 2004, on eleven counts, including five counts of rape, one count of aggravated burglary, one count of aggravated robbery, two counts of kidnaping (physical harm and sexual activity), one count of felonious assault, and one count of abduction. The events which gave rise to these charges involved one victim and occurred on May 14, 2004.
B. Appeal No. 22092 (04-CR-4585)
 {¶ 3} Montgomery was indicted in Case No. 04-CR-4585 on December 29, 2004, on nine counts, including five counts of rape, three counts of aggravated burglary, and one count of gross sexual imposition. The events which gave rise to these charges involved three victims and occurred on July 24, 1999, September 24, 2000, and January 28, 2001.
 {¶ 4} In return for the dismissal of certain charges in both cases, Montgomery entered into a plea agreement with the State on February 6, 2006. Ultimately, Montgomery plead guilty to five counts of rape, three counts of aggravated burglary, and one count of kidnaping, one count of felonious assault, and one count of gross sexual imposition. Montgomery tendered his guilty plea with a protestation of innocence pursuant toNorth Carolina v. Alford (1970), 400 U.S. 25, 91 S.Ct. 160. In return for his plea, the State agreed to dismiss the remaining counts in both cases, and the parties agreed to a sentencing range between twenty-two (22) and thirty-five (35) years. The trial court accepted Montgomery's plea, and entered convictions on the aforementioned counts.
 {¶ 5} At a sentencing hearing held on February 21, 2006, the trial court imposed a total *Page 3 
term of imprisonment of eleven years (11) and three months (3) in Case No. 04-CR-4585. The trial court also imposed a total term of imprisonment of twenty-one years (21) in Case No. 04-CR-4295. The court ordered that the sentences in each case be served consecutively to one another for aggregate prison term of thirty-two years (32) and three months (3).
 {¶ 6} Montgomery subsequently appealed his conviction and sentence asserting that the trial court had erred when it overruled his motion to suppress. Montgomery also challenged his sentences pursuant to the Ohio Supreme Court's decision in Foster. In State v. Montgomery, Montgomery App. No. 21508, 2007-Ohio-439 (hereinafter "Montgomery I"), we concluded that Montgomery's plea of guilty to the charges in both cases waived any error with respect to the denial of his motion to suppress. Regarding his sentence, however, we agreed with Montgomery that the court had imposed consecutive sentences based upon judicially determined facts. Thus, pursuant to Foster, we reversed his sentence and remanded the matter to the trial court for re-sentencing.
 {¶ 7} Upon remand, the trial court imposed the same prison sentence that was originally ordered in both cases of thirty-two years and three months. Montgomery filed a timely notice of appeal with this Court on March 27, 2007. In the present appeal,[1] Montgomery contends that the trial court erred when it re-sentenced him to non-minimum, consecutive prison terms pursuant to the Ohio Supreme Court's holding inFoster, which he asserts is unconstitutional as applied. Montgomery also argues that he denied effective assistance of trial *Page 4 
counsel when his attorney failed to object to the imposition of non-minimum, consecutive prison terms at the second sentencing hearing.
 I {¶ 8} Montgomery's first assignment of error is as follows:
 {¶ 9} "THE TRIAL COURT ERRED IN SENTENCING NIGILE MONTGOMERY TO NON-MINIMUM, CONSECUTIVE PRISON TERMS"
 {¶ 10} In his first assignment, Montgomery contends that the trial court erred when it sentenced him to non-minimum, consecutive prison terms in violation of rights as guaranteed by the Ohio Constitution, as well as the U.S. Constitution. In particular, Montgomery argues that the sentence imposed by the trial court pursuant to Foster is unconstitutional because it violates the following rights: 1) his rights under the Due Process or Ex Post Facto Clauses of the U.S. Constitution; 2) his right to a jury trial as protected by the Sixth andFourteenth Amendment of the U.S. Constitution; 3) separation of powers; and 4) his right to Equal Protection of the Law as set forth in theFourteenth Amendment to the U.S. Constitution. Lastly, Montgomery asserts that the sentence imposed by the trial court violates the rule of lenity as codified in R.C. § 2901.04(A).
 {¶ 11} "However, this court recently determined in State v.Burkhart, Champaign App. No. 2006-CA-18, 2007-Ohio-3436, that a claim that a decision of the Supreme Court of Ohio is unconstitutional is not cognizable in this court. In so holding, we stated: `The appellate jurisdiction of this court permits us to review "judgments or final orders of court of record inferior to the courts of appeals within the district" as well as "orders or actions of administrative officers or agencies." Section 3(B)(2), Article IV, Ohio Constitution. *Page 5 
Manifestly, decisions of The Supreme Court of Ohio are outside those classifications.'" State v. Mitchell, Clark App. No. 2006-CA-53,2007-Ohio-3590. Thus, we must defer to the authority of the Ohio Supreme Court regarding the constitutionality of Foster. Montgomery's arguments in this regard are overruled.
 {¶ 12} Montgomery also argues that Foster's retroactive application of the excised sentencing statutes violates the rule of lenity as codified in R.C. § 2901.04(A). That statute provides "[sections of the Revised Code defining * * * penalties shall be strictly construed against the state, and liberally construed in favor of the accused." R.C. §2901.04(A). Essentially, Montgomery contends that the non-minimum, consecutive sentences imposed by the trial court violate the intent of the rule of lenity.
 {¶ 13} The Ohio Supreme court has stated that the rule of lenity "applies only where there is ambiguity in or conflict between the statutes" at issue. State v. Arnold (1991), 61 Ohio St.3d 175, 178,573 N.E.2d 1079. As correctly reasoned by the Third District Court of Appeals in State v. Moore, Allen App. No. 1-06-51, 2006-Ohio-6860, "there exists no ambiguity in the sentencing statutes in Ohio because the Supreme Court held that portions of Ohio's felony sentencing framework were unconstitutional in Foster. Therefore, the rule of lenity has no bearing on the present case since Foster clearly and unambiguously severed the unconstitutional portions of these sentencing statutes."
 {¶ 14} Thus, Montgomery's first assignment of error is overruled.
 II {¶ 15} Montgomery's second and final assignment of error is as follows:
 {¶ 16} "MR. MONTGOMERY WAS DENIED THE EFFECTIVE ASSISTANCE OF *Page 6 
6 COUNSEL AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION."
 {¶ 17} In his final assignment, Montgomery contends that he received ineffective assistance of counsel when his counsel failed to object at the re-sentencing hearing to any sentence beyond concurrent, minimum sentences on ex post facto and due process grounds. Montgomery argues that he was prejudiced by counsel's omission when the trial court re-sentenced him to non-minimum, consecutive sentences for an aggregate sentence of thirty-two years and three months.
 {¶ 18} "When considering an allegation of ineffective assistance of counsel, a two-step process is usually employed. First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, and analytically separate from the question of whether defendant'sSixth Amendment rights were violated, there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness."State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, citingState v. Lytle (1976), 48 Ohio St.2d 391, 396-397, 358 N.E.2d 623, 627, vacated in part on other grounds (1978), 438 U.S. 910, 98 S.Ct. 3135.
 {¶ 19} The above standard contains essentially the same requirements as the standard set forth by the United States Supreme Court inStrickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052. "When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, supra, at 687-688. "Because of the difficulties inherent *Page 7 
in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. Thus, counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. Id.
 {¶ 20} For a defendant to demonstrate that he has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, absent counsel's errors, the result of the trial would have been different. Bradley, supra, at 143. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Strickland, supra, at 694.
 {¶ 21} In Montgomery I, we remanded this matter to the trial court for re-sentencing pursuant to the Ohio Supreme Court's decision inFoster. Under the Foster mandate, the trial court was not required to make any findings or discuss on the record the reasoning behind the sentence it chose to impose. The trial court imposed an aggregate sentence of thirty-two years and three months. Pursuant to the holding in Foster and our instructions to the trial court on remand, the court had full discretion to impose any sentence it deemed appropriate within the statutory range for the charged offenses. Thus, Montgomery was not prejudiced by counsel's failure to object to the non-minimum, consecutive sentence on constitutional grounds.
 {¶ 22} Montgomery's final assignment of error is overruled.
 III {¶ 23} All of Montgomery's assignments of error having been overruled, the judgment of the trial court is affirmed. *Page 8 
FAIN, J. and GRADY, J., concur.
[1] Although Montgomery chose to file separate merit briefs for each appeal number (CA No. 022091 CA No. 022092) in this case, both briefs consist of the same arguments. For the purposes of judicial economy, we will address both briefs together in these related appeals. *Page 1