OPINION
{¶ 1} This matter is before the Court on the Notice of Appeal of Quill Vanover, filed *Page 2 
April 16, 2007. On August 5, 2003, a Clark County grand jury indicted Vanover on two counts of kidnaping, in violation of R.C. 2905.01, both with gun specifications, one count of abduction, in violation of R.C. 2905.02(A)(2), with a gun specification, one count of bribery, in violation of R.C. 2921.02, one count of having weapons while under disability, in violation of R.C. 2923.13, one count of domestic violence, in violation of R.C. 2919.25, one count of menacing by stalking, in violation of R.C. 2903.211, and one count of intimidation, in violation of R.C. 2921.04.
 {¶ 2} Vanover was convicted of bribery and intimidation, and pursuant to an agreed sentence, he received five years on the bribery charge and three years on the intimidation charge. The other charges were dismissed. On June 24, 2005, we reversed and remanded the matter. On January 5, 2005, a Clark County Grand jury issued another indictment, alleging the same eight counts in the original indictment.
 {¶ 3} On October 11, 2005, Vanover pled guilty to kidnaping, a felony of the first degree, with a firearm specification, bribery, a felony of the third degree, and intimidation, a felony of the third degree, and the State dismissed the other charge in exchange for Vanover's pleas. The trial court sentenced Vanover to 10 years for kidnaping, three years for the gun specification, five years for bribery, and five years for intimidation, all to be served consecutively, for a total term of 23 years.
 {¶ 4} We remanded the matter for resentencing, pursuant to State v.Foster (2006), 109 Ohio St.3d 1, 2006-Ohio-856, and on March 28, 2007, the trial court resentenced Vanover exactly as it did previously, to a 23 year term.
 {¶ 5} Vanover's appellate counsel filed an Anders Brief, Anders v.California (1967), *Page 3 386 U.S. 738, 87 S.Ct. 1396, 19 L.Ed.2d 493. Also before us are "Appellant's Supplemental Pro Se Merit Brief," and "Answer Brief of Appellee State of Ohio." Counsel for Vanover asserts, "Only the issue concerning the re-sentencing of appellant to maximum and consecutive sentences appeared ripe for appeal. A review of the re-sentencing and research of applicable law indicates no non-frivolous issues for appeal.
 {¶ 6} "Counsel also reviewed several additional issues raised through correspondence with Appellant. * * * Additionally, counsel has attached as Appendix A the verbatim assignments of error Mr. Vanover wants this court to review along with the legal arguments he has drafted."
 {¶ 7} Counsel for Vanover asserts one potential assignment of error, and he also asserts "Mr. Vanover's Additional Possible Issues" in hisAnders brief. Vanover asserts four assignments of error in his pro se brief.
 {¶ 8} Counsel for Vanover asserts the following potential assignment of error:
 {¶ 9} "THE TRIAL COURT ERRED IN RESENTENCING APPELLANT TO THE MAXIMUM, CONSECUTIVE PRISON TERM."
 {¶ 10} As counsel notes, we addressed this issue in State v.Wellman, Miami App. No. 2006 CA 42, 2007-Ohio-6896, and this potential assignment of error lacks merit. In Wellman, we noted, "In State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, the Supreme Court of Ohio held that `[b]ecause R.C. 2929.14(B) and (C) * * * require judicial fact-finding before imposition of a sentence greater than the maximum term authorized by a jury verdict or admission of the defendant, they are unconstitutional.' Id. at paragraph one of the syllabus. The Court in Foster determined that severance of these provisions from Ohio's sentencing statute *Page 4 
was the appropriate remedy to cure the statute's constitutional defects and concluded that `[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences.' Id. at paragraph seven of the syllabus.
 {¶ 11} "Wellman was sentenced after the Supreme Court issued its decision in Foster. Consequently, the trial court was not required to make findings or give its reasons for imposing more than the minimum sentence to Wellman. And, on appeal, `we may reverse or modify a sentence only if the court "clearly and convincingly finds" that a sentence is contrary to law. R.C. 2953.08(G)(2)(b). "Contrary to law" means that a sentencing decision manifestly ignore an issue or factor which a statute requires a court to consider.' (Internal citations omitted). Therefore, the trial court did not impose a sentence contrary to law." Wellman, ¶ 9-10. Accordingly, this potential assignment of error lacks merit and is overruled.
 {¶ 12} "Mr. Vanover's Additional Possible Issues" and the assigned errors in his pro se brief are set forth below. The "Possible Issues" are as follows:
 {¶ 13} "THE TRIAL COURT ERRED IN IMPOSING CONSECUTIVE SENTENCES ON REMAND AS THE ONLY STATUTORY AUTHORITY FOR IMPOSING CONSECUTIVE TERMS WAS STRICKEN BY THE OHIO SUPREME COURT AS BEING UNCONSTITUTIONAL INSTATE V. FOSTER (2006), 109 Ohio St.3d 1."
 {¶ 14} And,
 {¶ 15} "WHERE A CRIMINAL DEFENDANT'S CONVICTION ON A GUILTY PLEA IS REVERSED BASED UPON A DEFECT IN THE INDICTMENT ON ONE OF THE CHARGES, AND ON REMAND, THE `PLEA PACKAGE' IS CHANGED, BUT NO *Page 5 
ADDITIONAL OFFENSES ARE ADDED TO THE INDICTMENT AND NO ADDITIONAL FACTS ARE ASSERTED, A THREE-FOLD INCREASE IN SENTENCE UPON THE REENTRY OF THE PLEA AND RESENTENCING REPRESENTS A PRESUMPTION OF VINDICTIVENESS, REGARDLESS OF WHETHER A DIFFERENT JUDGE HEARS THE CASE FROM THE FIRST TIME, AND DUE PROCESS OF LAW IS VIOLATED."
 {¶ 16} In his pro se brief, Vanover asserts the following assignments of error:
 {¶ 17} "THE SENTENCE IMPOSED UPON REMAND EXCEEDS THE STATUTORY MAXIMUM SENTENCE AVAILABLE AT THE TIME OF THE COMMISSION OF THE OFFENSES AND VIOLATES DUE PROCESS OF LAW." And,
 {¶ 18} "THE TRIAL COURT LACKED SUBJECT MATTER JURISDICTION TO IMPOSE CONSECUTIVE SENTENCES RENDERING SUCH SENTENCE VOID." And,
 {¶ 19} "THE RULE OF LENITY COMPELLED THE TRIAL COURT TO IMPOSE A TOTAL SENTENCE OF SIX YEARS AND THE INCREASE TO TWENTY THREE VIOLATES THAT RULE." And,
 {¶ 20} "THE INCREASE FROM THE INITIAL EIGHT YEAR TERM TO TWENTY[-] THREE YEARS IN THE ABSENCE OF ANY ADDITIONAL FACTS WARRANTING SUCH AN INCREASE, FOLLOWING REVERSAL, REMAND AND RECONVICTION, VIOLATES DUE PROCESS OF LAW."
 {¶ 21} Vanover's first "possible issue" is duplicative of his counsel's potential assigned error and is overruled. As the State notes, Vanover also "raises three separate arguments which involve the effects of, applicability of, and constitutionality of Foster. According to Vanover, his sentence is unconstitutional because it violates his rights under the Due Process or Ex Post *Page 6 
Facto Clauses of the United States Constitution. "`However, this court recently determined in State v. Burkhart, Champaign App. No. 2006-CA-18,2007-Ohio-3436, 2007 WL 1934357, that a claim that a decision of the Supreme Court of Ohio is unconstitutional is not cognizable in this court. In so holding, we stated: "The appellate jurisdiction of this court permits us to review `judgments or final orders of court[s] of record inferior to this courts of appeals within the district' as well as orders or actions of administrative officers or agencies." Section 3(B)(2), Article IV, Ohio Constitution. Manifestly, decisions of the [t]he Supreme Court of Ohio are outside those classifications.'State v. Mitchell, Clark App. No. 2006-CA-53, 2007-Ohio-3590,2007 WL 2019671. Thus, we must defer to the authority of the Ohio Supreme Court regarding the constitutionality of Foster." State v. Bell, Montgomery App. No. 22158, 2008-Ohio-2578, ¶ 130. Vanover's arguments in this regard are overruled.
 {¶ 22} Vanover also argues that the retroactive application of the excised sentencing statutes violate the rule of lenity, pursuant to R.C. 2901.04(A). That statute provides, "[s]ections of the Revised Code defining * * * penalties shall be strictly construed against the state, and liberally construed in favor of the accused." R.C. 2901.04(A). As have other appellants before him, Vanover essentially contends that the non-minimum, consecutive sentences imposed by the trial court violate the intent of the rule of lenity.
 {¶ 23} "The Ohio Supreme [C]ourt has stated that the rule of lenity `applies only where there is ambiguity in or conflict between the statutes' at issue. (Internal citation omitted). As correctly reasoned by the Third District Court of Appeals in State v. Moore, Allen App. No. 1-06-51, 2006-Ohio-6860, `there exists no ambiguity in the sentencing statutes in Ohio because the Supreme Court held that portions of Ohio's felony sentencing framework were *Page 7 
unconstitutional in Foster. Therefore, the rule of lenity has no bearing on the present case since Foster clearly and unambiguously severed the unconstitutional portions of these sentencing statutes.'" State v.Montgomery, Montgomery App. Nos. 22091, 22092, 2008-Ohio-1684. Vanover's argument in this regard is overruled.
 {¶ 24} Finally, Vanover argues that the increase in his sentence constitutes vindictive sentencing and violates due process of law. Vanover advanced these arguments in his last appeal unsuccessfully and thus, and they are barred by the doctrine of res judicata. See State v.Vanover (March 9, 2007), Clark App. No. 05-CA-0118, 2007-Ohio-1057. Vanover's arguments in this regard are overruled.
 {¶ 25} In addition to reviewing the possible issues for appeal raised by Vanover's appellate counsel and Vanover, we have conducted an independent review of the record and have found no error having arguable merit. The judgment of the trial court is affirmed.
 BROGAN, J. and WALTERS, J., concur. *Page 1